LAKE COUNTY BAR ASSOCIATION *v.* SPEROS.

[Cite as *Lake Cty. Bar Assn. v. Speros* (1995), 73 Ohio St.3d 101.]

(No. 94–535—Submitted April 5, 1995—Decided August 16, 1995.)

*Karen D. Lawson* and *Glenn E. Forbes,* for relator.

*John J. Hurley, Jr.,* for respondent.

---

*Per Curiam.* We have reviewed the record and concur in the board's findings that respondent violated DR 1–102(A)(4) and 7–102(A)(5). We also concur in the sanction recommended by the board and, thus, decline to impose the public reprimand now urged in respondent's objections.

During oral argument, respondent claimed that his misconduct was most analogous to the disciplinary infractions committed in *Disciplinary Counsel v. Schumann* (1994), 71 Ohio St.3d 101, 642 N.E.2d 347, and *Disciplinary Counsel v. Gwyn* (1994), 71 Ohio St.3d 8, 640 N.E.2d 1141, in which we publicly reprimanded attorneys for their violations of DR 1–102(A)(4). We disagree. The attorney in *Schumann* placed his client's signature on an affidavit of expenses,

notarized the signature, and filed the affidavit in court without his client's consent; but, at least, the information within the affidavit was apparently true. In *Gwyn,* the attorney neglected his client's case in violation of DR 6–101(A)(3), misrepresented the status of the case, and then fabricated documents to conceal his inaction; however, the misconduct was not compounded by the filing of these fabricated documents in court.

Respondent calls to our attention several other cases in which we issued only public reprimands for an attorney's deception of a client, and these cases may imply that we view this misconduct as a minor transgression. We do not. Dishonesty toward a client, whose interests are the attorney's duty to protect, is reprehensible. And, as we continue to see such violations of DR 1–102(A)(4), we recognize that this misconduct may hereafter require more severe discipline than we have previously imposed.

But, distressed as we are by any attorney's dishonesty toward a client, we find greater evil in an attorney's deliberate attempt to deceive a court while under oath. That attorney perpetrates a fraud upon the judiciary *and* a corresponding, surreptitious fraud upon his or her unsuspecting client. Cf. *Disciplinary Counsel v. Heffernan* (1991), 58 Ohio St.3d 260, 261, 569 N.E.2d 1027, 1028 (Failure to reveal a client's fraud upon a court is "a serious breach of duty for which a public reprimand is not an adequate sanction."). This is the misconduct with which we are faced here, and it exists in none of the cases respondent cites to establish a comparable violation of DR 1–102(A)(4).

For example, in *Bar Assn. of Greater Cleveland v. Haffner* (1977), 52 Ohio St.2d 41, 6 O.O.3d 155, 368 N.E.2d 845, we publicly reprimanded an attorney who falsely alleged in a complaint against his former client that he had paid certain medical expenses on her behalf. That attorney later paid the client's expenses after he received a default judgment, and he never attested to his allegations under oath. By contrast, respondent attested by forgery to a prevarication in the representation of his client and without hope of it ever becoming true.

In *Cincinnati Bar Assn. v. Wang* (1991), 59 Ohio St.3d 67, 570 N.E.2d 274, we publicly reprimanded an attorney who falsely certified that an employee of his law firm earned a higher salary so that he and the employee could obtain a real estate loan. And, in *Disciplinary Counsel v. Boughton* (1991), 59 Ohio St.3d 102, 570 N.E.2d 1100, we publicly reprimanded an attorney whose misrepresentation consisted of participating in the affairs of an insurance company not licensed and registered under the laws of Ohio or of any other state. These misrepresentations are also unlike respondent's false affidavit—neither misrepresentation was directed to a court or made in the context of an attorney-client relationship.

Finally, in *Disciplinary Counsel v. Cordova* (1993), 67 Ohio St.3d 25, 615 N.E.2d 1035, we publicly reprimanded an attorney for filing a fiduciary income

tax return that incorrectly identified the name of an estate's executor. However, the circumstances of that case suggest, and even respondent seems to acknowledge, that the wrong executor's name was supplied more by inadvertence than by conscious deception. Respondent, on the other hand, plainly appreciated the deception he intended to practice upon this court.

Of the cases cited by the parties, we find *Disciplinary Counsel v. Lynch* (1994), 71 Ohio St.3d 287, 643 N.E.2d 542, to be the most instructive. In *Lynch,* an attorney helped a client who was attempting to obtain a nursing license in Missouri by signing an affidavit in which he attested that the client had not been convicted of attempted rape. The attorney prepared the affidavit for filing with Missouri officials, even though he knew his client had pleaded guilty to that offense and had already served his sentence in a federal penitentiary. We suspended the attorney's license for six months because his affidavit on behalf of the client was nothing more than a sworn lie.

Respondent's affidavit was also a sworn lie. Worse yet, he filed the affidavit in court, bearing the forged signature of a notary. His misconduct is thus more grievous than was the attorney's in *Lynch,* and, for that reason, might have justified a more severe sanction. Accord *Stark Cty. Bar Assn. v. Miller* (1989), 44 Ohio St.3d 134, 541 N.E.2d 607 (fraud perpetrated upon court by probating of revoked will warranted one-year suspension of attorney's license). However, respondent's depression, his lack of any prior discipline, his confession of wrongdoing and his cooperation, as well as the appeal of his character witnesses and the absence of any prejudice from the perspective of his client in the *Callahan* action, convinced the board, and now persuade us, not to impose more stringent disciplinary measures than the recommended six-month suspension.

Therefore, we accept the sanction recommended by the board. Respondent is hereby suspended from the practice of law in Ohio for a period of six months. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.