OFFICE OF DISCIPLINARY COUNSEL *v.* KING.

[Cite as *Disciplinary Counsel v. King* (1996), 74 Ohio St.3d 612.]

(No. 95–378—Submitted October 24, 1995—Decided February 28, 1996.)

Geoffrey Stern, Disciplinary Counsel, Lori J. Brown and Alvin E. Mathews, Assistant Disciplinary Counsel, for relator.

Sabol & Fisher and John A. Sabol, for respondent.

_____

Per Curiam. We concur with the board's findings that respondent violated DR 6–101(A)(3) and 1–102(A)(4). However, in view of respondent's deliberately false statements to his client, we find it appropriate to suspend respondent from the practice of law for a specific period. "Dishonesty toward a client, whose interests are the attorney's duty to protect, is reprehensible." Lake Cty. Bar Assn. v. Speros (1995), 73 Ohio St.3d 101, 104, 652 N.E.2d 681, 683. Additionally, respondent's prior disciplinary record reinforces our decision to impose an actual suspension. "Prior disciplinary offenses shall be considered as a factor that may justify an increase in the degree of discipline * * * for subsequent misconduct." Gov.Bar R. V(6)(C).

Accordingly, respondent is suspended from the practice of law in Ohio for six months. Costs taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents and would adopt the recommendations of the panel and the board of a two-year suspension, stayed, with probation.