[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 612.]

OFFICE OF DISCIPLINARY COUNSEL *v.* KING.

[Cite as *Disciplinary Counsel v. King*, 1996-Ohio-238.]

*Attorneys at law—Misconduct—Six-month suspension—Deliberately false statements to a client—Neglect of an entrusted legal matter—Conduct involving dishonesty, fraud, deceit, or misrepresentation—Prior offenses considered as a factor that may justify an increase in the degree of discipline for subsequent misconduct.*

(No. 95-378—Submitted October 24, 1995—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-59.

—————————

{¶ 1} In a single-count complaint filed on October 18, 1993, relator, Office of Disciplinary Counsel, charged respondent, James C. King of Lima, Ohio, Attorney Registration No. 0000774, with violations of DR 6-101(A)(3) (neglect of an entrusted legal matter) and 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation). In his answer, respondent admitted some facts alleged in the complaint and added explanations.

{¶ 2} On May 11, 1994, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") held a hearing on the matter. The complaint, answer, stipulations, and evidence established that respondent was admitted to the Ohio Bar in 1967 and practices in Lima. In September 1989, respondent filed a civil complaint relating to wage deductions on behalf of his client, Carl E. Lawrence, against Duff Truck Lines, Inc. ("Duff"). Before that case was resolved, we suspended respondent from the practice of law for one year because of a felony conviction for filing a false federal income tax return. *Allen Cty. Bar Assn. v. King* (1990), 48 Ohio St.3d 8, 548 N.E.2d 238.

Respondent and Lawrence agreed that another attorney would dismiss Lawrence's case. Later, respondent agreed he would refile the complaint for Lawrence when he was reinstated to practice.

{¶ 3} In February 1991, we reinstated King to the practice of law. *Allen Cty. Bar Assn. v. King* (1991), 58 Ohio St.3d 601, 567 N.E.2d 985. Shortly thereafter, Lawrence contacted respondent, and respondent assured Lawrence that his case would be refiled. Twice in 1991, Lawrence called respondent and reminded him to refile the case, and respondent assured Lawrence he would do so. In January, April and July 1992, Lawrence again called respondent, and respondent assured Lawrence each time that the case had been refiled. In July 1992, Lawrence learned that respondent had not refiled the Duff complaint. In fact, respondent never did so. In August 1992, Lawrence fired respondent and picked up the case file.

{¶ 4} Subsequently, Lawrence secured other counsel who filed his case against Duff, and Lawrence secured a default judgment for $20,245.97, plus attorney fees. Lawrence also sued respondent for malpractice, but respondent and Lawrence settled that case when respondent paid Lawrence $12, 673.37 (the amount of the wages withheld by Duff).

{¶ 5} At the hearing, respondent testified and admitted he had neglected a legal matter entrusted to him and that he had falsely represented to Lawrence that the Duff case had been refiled. He explained the extensive pressures on him surrounding his earlier conviction and suspension from practice. He had an extensive, busy practice, with emphasis on domestic relations, and wanted to continue to practice law. David Cheney, one of his peers and long-time friends, testified that respondent was regarded as "honest" and a "fighter," and acknowledged that respondent "zealously protect[s] his client's rights." Respondent's wife testified he was an excellent husband and father but tends to be

2

a workaholic. During the year he was suspended, respondent was involved extensively in community service.

**{¶ 6}** The panel concluded that respondent neglected a legal matter in violation of DR 6-101(A)(3) and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102(A)(4). The panel also noted that respondent's prior suspension was due to conduct unrelated to the practice of law. Further, respondent had settled Lawrence's claim against him, that Lawrence still had a default judgment against Duff, and thus apparently has been made whole. Further, respondent was genuinely contrite.

**{¶ 7}** At the hearing in May 1994, relator recommended that respondent be suspended from the practice of law for six months. The panel recommended that respondent be suspended from the practice of law for two years, but that this suspension be stayed, subject to the completion of a two-year probationary period monitored by the Allen County Bar Association. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

———————————

*Geoffrey Stern*, Disciplinary Counsel, *Lori J. Brown* and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

*Sabol & Fisher* and *John A. Sabol*, for respondent.

———————————

*Per Curiam.*

**{¶ 8}** We concur with the board's findings that respondent violated DR 6-101(A)(3) and 1-102(A)(4). However, in view of respondent's deliberately false statements to his client, we find it appropriate to suspend respondent from the practice of law for a specific period. "Dishonesty toward a client, whose interests are the attorney's duty to protect, is reprehensible." *Lake Cty. Bar Assn. v. Speros* (1995), 73 Ohio St.3d 101, 104, 652 N.E.2d 681, 683. Additionally, respondent's prior disciplinary record reinforces our decision to impose an actual suspension.

"Prior disciplinary offenses shall be considered as a factor that may justify an increase in the degree of discipline *** for subsequent misconduct." Gov.Bar R. V(6)(C).

{¶ 9} Accordingly, respondent is suspended from the practice of law in Ohio for six months. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents and would adopt the recommendations of the panel and the board of a two-year suspension, stayed, with probation.

_____