*Wednesday, March 20, 1996*

## MERIT DOCKET

**96-573.** State ex rel. Brooks v. Hayes. In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition with emergency action requested. Upon consideration thereof,

IT IS ORDERED by the court that the complaint for writ of prohibition be, and hereby is, dismissed, effective March 18, 1996.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and STRATTON, JJ., not participating.

## MOTION DOCKET

**95-1299.** State v. Freeman. *Hamilton County,* Nos. C–900698 and C–900699. On emergency motion for corrected entry. Motion granted.

RESNICK and PFEIFER, JJ., dissent.

## DISCIPLINARY DOCKET

**92-2162.** Dayton Bar Assn. v. Jessup. This cause came on for further consideration upon the filing of an application for reinstatement by respondent, Janice Jessup, a.k.a. Janice Lorraine Jessup, Attorney Registration No. 0032410, last known address in Dayton, Ohio.

The court coming now to consider its order of February 24, 1993, wherein pursuant to Gov.Bar R. V(6)(B), the court suspended respondent for two years with the final year suspended on conditions, finds that respondent has substantially complied with that order and with the provisions of Gov.Bar R. V(10)(A). Therefore,

IT IS ORDERED by the court that Janice Jessup, a.k.a. Janice Lorraine Jessup, be, and hereby is, reinstated to the practice of law in the state of Ohio, effective March 18, 1996.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Dayton Bar Assn. v. Jessup* (1993), 66 Ohio St.3d 5, 607 N.E.2d 439.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

**94-535.** Lake Cty. Bar Assn. v. Speros. This cause came on for further consideration upon the filing of an application for reinstatement by respondent, James M. Speros, a.k.a. James Mandamadiotis Speros, Attorney Registration No. 0014350, last known address in Concord, Ohio.

The court coming now to consider its order of August 16, 1995, wherein pursuant to Gov.Bar R. V(6)(B), the court suspended respondent for six months, finds that respondent has substantially complied with that order and with the provisions of Gov.Bar R. V(10)(A). Therefore,

IT IS ORDERED by the court that James M. Speros, a.k.a. James Mandamadiotis Speros, be, and hereby is, reinstated to the practice of law in the state of Ohio, effective March 18, 1996.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Lake Cty. Bar Assn. v. Speros* (1995), 73 Ohio St.3d 101, 652 N.E.2d 681.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.