CINCINNATI BAR ASSOCIATION *v.* FLOREZ.

[Cite as *Cincinnati Bar Assn. v. Florez,*
98 Ohio St.3d 448, 2003-Ohio-1730.]

(No. 2002–2223—Submitted February 12, 2003—Decided April 16, 2003.)

**Per Curiam.**

{¶ 1} Respondent, Michael G. Florez of Cincinnati, Ohio, Attorney Registration No. 0010693, was admitted to the practice of law in Ohio in 1982. On June 17, 2002, relator, Cincinnati Bar Association, filed a complaint charging respondent with violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause and, based mainly on the parties' stipulations and respondent's testimony, made the following findings.

{¶ 2} In February 2001, a prospective client contacted respondent about forming an Ohio not-for-profit corporation and filing an application to obtain tax-exempt status from the Internal Revenue Service. Respondent sent the prospective client an engagement letter specifying a fee of $3,000 for his services, with $1,500 to be paid on acceptance of his representation, and $1,500 to be paid after the tax-exempt-status application was filed. The letter also specified respondent's $200 hourly rate. The client paid the initial $1,500 fee but did not sign and return the engagement letter as requested.

{¶ 3} Respondent prepared drafts of several documents during the succeeding months, including an application to the IRS for recognition of tax exemption. On October 26, 2001, respondent filed articles of incorporation for his client with the Secretary of State; however, he did not file the application for tax exemption. On March 1, 2002, the client discharged respondent.

{¶ 4} The client later complained to relator, and an investigator sent a letter to respondent in March 2002, inquiring about the grievance. In a March 22, 2002 letter, respondent falsely represented that he had filed the client's application for tax exemption with the IRS in July 2001. He also provided the investigator with

a copy of a letter to the IRS dated July 12, 2001, that purportedly had been sent on that date with the application and a $500 application fee. Respondent did not actually send this letter or the application and fee until March 22, 2002, after he had learned of his client's grievance. In addition, respondent provided the investigator with a copy of another letter that purported to be a November 15, 2001 inquiry to the IRS as to the status of his client's application. He did not actually send this letter until March 25, 2002.

{¶ 5} At the panel hearing, respondent admitted that he had misled the investigator about the timing of work he performed for his client and stipulated to having violated DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation). The panel additionally found respondent in violation of DR 7–101(A)(2) (failing to carry out a contract for professional services), and 6–101(A)(3) (neglecting an entrusted legal matter).

{¶ 6} In recommending a sanction, the panel considered as an aggravating factor that respondent had fabricated evidence in an attempt to cover up his misconduct during the initial stages of relator's investigation. In mitigation, the panel considered that respondent has no prior record of discipline, enjoyed a good reputation in his community, showed remorse for his misconduct, and did not cause his client financial harm.

{¶ 7} The panel rejected relator's suggestion that respondent's license be suspended for one year, as well as respondent's suggestion that he be given a six-month suspension, all stayed with probation. The panel recommended, on the authority of Disciplinary Counsel v. Fowerbaugh (1995), 74 Ohio St.3d 187, 658 N.E.2d 237 (actual period of license suspension required where an attorney engages in a course of conduct to mislead), that respondent be suspended from the practice of law for six months. The board adopted the panel's findings of misconduct and its recommendation.

{¶ 8} We agree that respondent violated DR 1–102(A)(4), 7–101(A)(2), and 6–101(A)(3) and that a six-month suspension is appropriate. Respondent contends that he did not actually neglect his client or fail to fulfill their contract for professional services because his client never returned the requested letter of engagement. He concedes, however, that he accepted his client's money and undertook representing him, notwithstanding the fact that they had not firmly committed to the terms.

{¶ 9} Respondent also claims that he initially attempted to mislead the investigator only because he panicked upon receiving notice of his client's grievance. Nonetheless, respondent fabricated documents and concealed his conduct during an ethical investigation. Thus, while we acknowledge respondent's contrition, ultimate cooperation, and other mitigating circumstances, respondent's conduct merits an actual suspension in this case.

{¶ 10}   Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months.   Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

PFEIFER, J., dissents and would stay a six-month suspension.

––––––––––

Edwin W. Patterson III, Bar Counsel, Ernest F. McAdams Jr. and Maury M. Tepper, for relator.

James N. Perry, for respondent.