DISCIPLINARY COUNSEL v. STOLLINGS.

[Cite as *Disciplinary Counsel v. Stollings,*
111 Ohio St.3d 155, 2006-Ohio-5345.]

(No. 2006–1146—Submitted July 18, 2006—Decided November 1, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Jerry Chad Stollings of Kokomo, Indiana, Attorney Registration No. 0073342, was admitted to the Ohio bar in 2001.

{¶ 2} On September 27, 2005, relator, Disciplinary Counsel, filed a complaint charging respondent with professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline considered the case on the parties' consent-to-discipline agreement pursuant to Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") and made findings of misconduct and a recommendation, which the board adopted.

Misconduct

{¶ 3} During 2002 and 2003, respondent engaged in the private practice of law in Greenville, Ohio. Brian Magee met with respondent in September 2002 and asked for assistance in obtaining money that Magee believed was owed to him by his former employer. Respondent agreed to represent Magee, and he filed a civil complaint in the Miami County Municipal Court on Magee's behalf against the former employer in April 2003.

{¶ 4} The defendant employer offered to settle the case in June 2003. After discussing the settlement offer with respondent, Magee rejected the employer's offer. An August 2003 settlement proposal from respondent was in turn rejected by the employer.

{¶ 5} In August 2003, the trial court wrote to respondent and to the defendant employer's attorney indicating that the court had been informed that Magee's case had been settled. The court's letter further indicated that the case would be

dismissed if the parties did not contact the court or provide an agreed entry. Respondent did not inform his client about the court's letter. The trial court sent a similar letter on September 12, 2003, indicating that the case would be dismissed in ten days if the parties did not contact the court.

{¶ 6} On September 25, 2003, the trial court dismissed Magee's case, noting that the parties had not contacted the court in response to the second letter. Respondent failed to tell Magee about the dismissal order.

{¶ 7} In December 2003, respondent left his law practice in Greenville and relocated to Kokomo, Indiana. He kept Magee's file with him after the move.

{¶ 8} In May 2004, respondent wrote to Magee and falsely stated that the trial court was planning to schedule one more settlement conference. Respondent promised to notify Magee once a date for the settlement conference had been set.

{¶ 9} In November 2004, respondent again wrote to Magee and further falsely stated that he had asked local counsel to "take the lead on the case." Respondent said in the letter that he had believed that the case was proceeding smoothly until Magee had called the previous week. Respondent further stated that he had retrieved the vital portions of the case file and that he would try to complete work on the case as quickly as possible.

{¶ 10} Respondent acknowledged and the panel and the board found that respondent's actions violated the following Disciplinary Rules: DR 1–102(A)(4) (barring an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law), 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter), 7–101(A)(2) (prohibiting an attorney from intentionally failing to carry out a contract of professional employment), and 7–101(A)(3) (barring conduct that prejudices or damages a client).

## Sanction

{¶ 11} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. The board cited no aggravating factors but did identify several mitigating factors, including the absence of any prior disciplinary record, the absence of any dishonest or selfish motive on the part of respondent, his timely good faith effort to make restitution or to rectify the consequences of the misconduct, his full disclosure and cooperative attitude during the disciplinary process, and his good character and reputation. BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d), and (e). The board noted that respondent and his former law firm had paid $10,000 to Magee, which was the amount sought in the civil complaint against Magee's former employer, and respondent and the law firm plan to pay an additional $5,000 to Magee in 2006.

{¶ 12} The parties recommended that respondent be suspended from the practice of law for six months. The panel and the board agreed with this recommendation.

{¶ 13} We agree that respondent has committed the misconduct described above, and we agree that a six-month suspension is the appropriate sanction. A violation of DR 1–102(A)(4) ordinarily calls for the actual suspension of an attorney's license. *Disciplinary Counsel v. Beeler*, 105 Ohio St.3d 188, 2005-Ohio-1143, 824 N.E.2d 78, ¶ 44. Moreover, an actual suspension is particularly appropriate when an attorney's dishonesty has been directed toward a client. " 'Dishonesty toward a client, whose interests are the attorney's duty to protect, is reprehensible.' " *Disciplinary Counsel v. King* (1996), 74 Ohio St.3d 612, 614, 660 N.E.2d 1160, quoting *Lake Cty. Bar Assn. v. Speros* (1995), 73 Ohio St.3d 101, 104, 652 N.E.2d 681.

{¶ 14} Respondent's cooperation in the disciplinary process and his willingness to pay to his client the full amount that the client had sought in his lawsuit speaks favorably of respondent's good character and bodes well for his future return to the competent and ethical practice of law. The six-month suspension that we are imposing in this case is consistent with the sanctions that we have imposed in similar cases. See, e.g., *Cincinnati Bar Assn. v. Florez*, 98 Ohio St.3d 448, 2003-Ohio-1730, 786 N.E.2d 875 (imposing a six-month suspension where attorney neglected his client's case and provided fabricated evidence to an investigator); *Disciplinary Counsel v. Wallace* (2000), 89 Ohio St.3d 113, 729 N.E.2d 343 (attorney's neglect of a client's case and his repeated attempts to mislead the client about it warranted a six-month suspension); *Columbus Bar Assn. v. Bowen* (1999), 87 Ohio St.3d 126, 717 N.E.2d 708 (imposing a six-month suspension on an attorney who failed to tell his client that her personal-injury lawsuit had been dismissed with prejudice for want of prosecution).

{¶ 15} Accordingly, respondent is suspended from the practice of law in Ohio for six months. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Jerry Chad Stollings, pro se.