TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

## 2007-SC-000295-KB



DATE 10-2-07 Ellа Growitt, Dc.

KENTUCKY BAR ASSOCIATION                                          MOVANT

V.                          IN SUPREME COURT

JERRY C. STOLLINGS                                          RESPONDENT

## OPINION AND ORDER

On November 1, 2006, the Ohio Supreme Court suspended Jerry Chad Stollings (KBA Member No. 88572) from the practice of law in Ohio courts for a period of six months for engaging in professional misconduct. On June 21, 2007, this Court issued an order directing Stollings to show cause why he should not be subjected to reciprocal discipline in Kentucky under SCR 3.435(4). Since Stollings has not responded to our show cause order within the time prescribed, he has failed to establish any reason why this Court should not impose identical reciprocal discipline; and thus, we now impose such identical reciprocal discipline as required by SCR 3.435(4).

Stollings's bar roster address is 608 E. Boulevard; P.O. Box 2244; Kokomo, Indiana 46902. He was admitted to the practice of law in the Commonwealth of Kentucky on October 23, 2000.

Stollings entered into an agreement with the Ohio Disciplinary Counsel, which set forth the misconduct and the agreed, recommended sanction of suspension for a

period of six months. According to the Ohio Supreme Court's published opinion,[1]

Stollings has agreed in Ohio that he violated:

1) Ohio's DR 1-102(A)(4) (dishonesty, fraud, deceit, or misrepresentation—comparable to Kentucky's SCR 3.130-8.3(c));

2) Ohio's DR 1-102(A)(6) (conduct adversely reflecting on fitness to practice law—comparable to Kentucky's SCR-3.130-8.3(b));

3) Ohio's DR 6-101(A)(3) (neglecting entrusted legal matter—comparable to Kentucky's SCR 3.130-1.3);

4) Ohio's DR 7-101(A)(2) (intentionally failing to carry out professional employment contract—comparable to Kentucky's SCR 3.130-1.2); and

5) Ohio's DR 7-101(A)(3) (conduct that prejudices or damages client).

The facts underlying these violations are set forth in the Ohio Supreme Court's published opinion:

> During 2002 and 2003, respondent engaged in the private practice of law in Greenville, Ohio. Brian Magee met with respondent in September 2002 and asked for assistance in obtaining money that Magee believed was owed to him by his former employer. Respondent agreed to represent Magee, and he filed a civil complaint in the Miami County Municipal Court on Magee's behalf against the former employer in April 2003.
>
> The defendant employer offered to settle the case in June 2003. After discussing the settlement offer with respondent, Magee rejected the employer's offer. An August 2003 settlement proposal from respondent was in turn rejected by the employer.
>
> In August 2003, the trial court wrote to respondent and to the defendant employer's attorney indicating that the court had been informed that Magee's case had been settled. The court's letter further indicated that the case would be dismissed if the parties did not contact the court or provide an agreed entry. Respondent did not inform his client about the court's letter. The trial court sent a similar letter on September 12, 2003,

---

[1] Ohio Disciplinary Counsel v. Stollings, 111 Ohio St.3d 155,156, 855 N.E.2d 479, 481 (Ohio 2006).

indicating that the case would be dismissed in ten days if the parties did not contact the court.

On September 25, 2003, the trial court dismissed Magee's case, noting that the parties had not contacted the court in response to the second letter. Respondent failed to tell Magee about the dismissal order.

In December 2003, respondent left his law practice in Greenville and relocated to Kokomo, Indiana. He kept Magee's file with him after the move.

In May 2004, respondent wrote to Magee and falsely stated that the trial court was planning to schedule one more settlement conference. Respondent promised to notify Magee once a date for the settlement conference had been set.

In November 2004, respondent again wrote to Magee and further falsely stated that he had asked local counsel to "take the lead on the case." Respondent said in the letter that he had believed that the case was proceeding smoothly until Magee had called the previous week. Respondent further stated that he had retrieved the vital portions of the case file and that he would try to complete work on the case as quickly as possible.[2]

Since Stollings has failed to show cause why identical reciprocal discipline should not be imposed in this jurisdiction under SCR 3.435, we hereby order that:

1)     Jerry Chad Stollings is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of one hundred eighty days,[3] effective from the date of this order. After this period, Stollings may apply for reinstatement under SCR 3.510;

2)     Under SCR 3.390, Stollings shall, within ten days from the entry of this Opinion and Order, notify, in writing, all courts in which he has matters pending and all

---

[2]     Stollings, 111 Ohio St.3d at 155-56, 855 N.E.2d at 480-81 (Paragraph numbers omitted).

[3]     Although the Ohio Supreme Court imposed a six months' suspension without stating exactly how many days this time period encompassed, we specifically state a term of 180 days' suspension in Kentucky to avoid confusion in the possible future application of SCR 3.510 regarding reinstatement.

3

clients he is currently representing of his inability to provide further legal services, and provide the Executive Director of the Kentucky Bar Association with a copy of all such notice letters, or with a certification that he has no active clients, whichever is applicable. Furthermore, to the extent possible, Stollings shall immediately cancel and cease any advertising activities in which he is engaged; and

3) In accordance with SCR 3.450, Stollings shall pay all costs associated with these disciplinary proceedings against him, and for which execution may issue from this Court upon finality of this Opinion and Order.

Lambert, C.J.; Cunningham, Minton, Noble, Schroder, and Scott, JJ., concur. Abramson, J., not sitting.

ENTERED: September 20, 2007.

CHIEF JUSTICE

4