DISCIPLINARY COUNSEL *v.* RASO.

[Cite as *Disciplinary Counsel v. Raso,* 129 Ohio St.3d 277, 2011-Ohio-2900.]

*Attorneys — Misconduct — Neglect of client matters and dishonest conduct —*
*Six-month license suspension ordered.*

(No. 2010-2203 — Submitted February 16, 2011 — Decided June 22, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 10-030.

_____

**Per Curiam**.

{¶ 1} Respondent, Frank Anthony Raso of Brunswick, Ohio, Attorney Registration No. 0069270, was admitted to the practice of law in Ohio in 1998. In April 2010, relator, Disciplinary Counsel, filed a two-count complaint charging respondent with multiple violations of the Code of Professional Responsibility and the Rules of Professional Conduct arising from his representation of two clients.[1]

{¶ 2} After reviewing the parties' stipulations of fact and misconduct, a panel of the Board of Commissioners on Grievances and Discipline dismissed, sua sponte, allegations that respondent had charged an illegal or clearly excessive fee and recommended that respondent's license to practice law be suspended for six months. The board accepted the panel's findings and its recommended sanction, and no objections have been filed.

_____

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Code of Professional Responsibility. When both the former and current rules are cited for the same act, the allegation constitutes a single ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

**{¶ 3}** We find that respondent has committed misconduct as stipulated by the parties and found by the panel and board and conclude that a six-month suspension is warranted.

### Misconduct

**{¶ 4}** The stipulated evidence demonstrates that in 2003, respondent accepted a $900 retainer to file a civil action on behalf of a client, which he did. In May 2005, the client received an arbitration award of $8,000, and the defendant received a $3,000 arbitration award on his counterclaim. Respondent did not provide his client with documentation of this award. Respondent did not attempt to collect the judgment, but continued to act as if the case were pending, sending the client copies of documents that he had purportedly filed. In November 2008, the trial court closed the case because no action had been taken since the May 2005 arbitration award. In June 2009, after relator had begun its investigation, respondent filed a praecipe for a certificate of judgment and a copy of the arbitration award. The record demonstrates that since June 2009, respondent has collected $5,500 of the arbitration award.

**{¶ 5}** With regard to count two, the parties stipulated and the panel and board found that in November 2006, a client paid respondent $450 to pursue a small-claims action on his behalf. Respondent did not file the action, nor did he heed the client's requests that he return the fee. In 2007, the client retained new counsel to pursue the refund. From January through May 2009, respondent made several false representations that he would return the fee, including one representation that a check was in the mail. He refunded the client's fee on October 27, 2009 – after relator began his investigation.

**{¶ 6}** The panel and board adopted the parties' stipulation that respondent's conduct with respect to count one prior to February 1, 2007, violated DR 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 6-101(A)(3) (prohibiting

neglect of an entrusted legal matter) and that his conduct after February 1, 2007, violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

**{¶ 7}** Regarding count two, the panel and board adopted the parties' stipulation that respondent's conduct before February 1, 2007, violated DR 6-101(A)(3) and that his conduct after that date violated Prof.Cond.R. 8.4(c). We also adopt these findings of fact and misconduct.

### Sanction

**{¶ 8}** In recommending a sanction, the panel and board considered the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). See *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.

**{¶ 9}** As mitigating factors, the panel and board adopted the parties' stipulation that respondent had no prior disciplinary record, has made a timely, good-faith effort to make restitution or to rectify the consequences of his misconduct, has provided full and free disclosure during the investigation, and has displayed a cooperative attitude. See BCGD Proc.Reg. 10(B)(2)(a), (c), and (d). They found none of the aggravating factors set forth in BCGD Proc.Reg. 10(B)(1). We adopt these findings, with two exceptions. First, we recognize that the mitigating effect of respondent's payment of restitution is tempered by the fact that the restitution came only after relator initiated his investigation. Second, we observe that on December 3, 2007, we suspended respondent's license to practice law for failing to comply with attorney-registration rules. See *In re Attorney Registration Suspension of Raso*, 116 Ohio St.3d 1420, 2007-Ohio-6463, 877

N.E.2d 305. Respondent was reinstated on December 10, 2007. *In re Reinstatement of Raso*, 116 Ohio St.3d 1498, 2008-Ohio-290, 880 N.E.2d 97.

{¶ 10} Citing *Disciplinary Counsel v. King* (1996), 74 Ohio St.3d 612, 660 N.E.2d 1160, and *Disciplinary Counsel v. Stollings*, 111 Ohio St.3d 155, 2006-Ohio-5345, 855 N.E.2d 479, ¶ 3-10, the board recommends that we suspend respondent from the practice of law for six months. Like respondent, both King and Stollings had neglected a client's legal matter and had then lied to the client about the status of the case. *King* at 613-614; *Stollings* at ¶ 3-10. In each case, we observed that an actual suspension is particularly appropriate for an attorney's dishonesty toward a client, and we imposed a six-month suspension. *King* at 614; *Stollings* at ¶ 13. Therefore, we agree that a six-month suspension is the appropriate sanction for respondent's misconduct.

{¶ 11} Accordingly, respondent is suspended from the practice of law in Ohio for six months. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Hissom, Assistant Disciplinary Counsel, for relator.

Frank Anthony Raso, pro se.

_____