TOLEDO BAR ASSOCIATION *v.* HICKMAN.

[Cite as *Toledo Bar Assn. v. Hickman*,

107 Ohio St.3d 296, 2005-Ohio-6513.]

*Attorneys — Misconduct — Neglecting an entrusted legal matter — Engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation — Intentionally failing to carry out contract of professional employment — One-year suspension, six months stayed.*

(No. 2005-1167 — Submitted August 23, 2005 — Decided December 28, 2005.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 04-061.

_____

**Per Curiam**.

{¶ 1} Respondent, Gregg D. Hickman of Toledo, Ohio, Attorney Registration No. 0020032, was admitted to the practice of law in Ohio in 1978. On October 11, 2004, relator, Toledo Bar Association, charged respondent in a four-count complaint with having violated the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause and made findings of fact, conclusions of law, and a recommendation, which the board adopted.

Misconduct

{¶ 2} Relator dismissed Counts III and IV of the complaint, and respondent stipulated or testified to the allegations of Counts I and II.

*Count I*

{¶ 3} In 1997, Denise and Richard Myrice Sr. retained respondent to file a lawsuit against certain medical providers for causing the death of their adult son, Chad. Respondent entered into a contingent-fee agreement with the Myrices;

however, he failed to reduce the agreement to writing in accordance with R.C. 4705.15.

{¶ 4} As preparation for a wrongful-death action, respondent opened the estate of Chad Myrice in the Lucas County Probate Court; however, he did not file a complaint, and the statute of limitations for the action expired, barring any relief. Notwithstanding this, respondent represented to the Myrices that he had filed the wrongful-death claim in court and that medical experts were in the process of reviewing the allegations of liability. This representation was also untrue. Respondent never provided any medical records or other materials in the case to a medical expert for review. In fact, opening the estate was the only action respondent took on behalf of his clients, and in May 2000, the probate court closed the estate for respondent's failure to file an accounting.

{¶ 5} In October 2003, the Myrices retained other counsel. The new attorney discovered that the wrongful-death action had not been filed and that their son's estate had been closed three years earlier. Notwithstanding these facts, respondent continued to falsely assure the Myrices that the estate was open and that the wrongful-death action was pending.

*Count II*

{¶ 6} In 1996, prior to Chad's death, respondent agreed to pursue a personal-injury action on behalf of Chad and others who had been injured in a bar. Respondent also did not reduce the contingent-fee agreement to writing for this representation as required by R.C. 4705.15.

{¶ 7} Respondent filed the personal-injury claim in the Lucas County Court of Common Pleas; however, he voluntarily dismissed the cause as to Chad in August 1997. Respondent later settled the claims of the others injured at the bar, but he never refiled any claim for relief concerning Chad's injury.

{¶ 8} The Myrices did not consent to the dismissal of Chad's claim, and when asked about the case, respondent falsely represented to the Myrices that the

personal-injury action was still pending and that the estate of Chad Myrice was still open. Respondent also falsely told the Myrices that the defendant had agreed to a $1,000 settlement that respondent was having trouble collecting.

{¶ 9} In accordance with the evidence and the parties' stipulations of misconduct, the panel and board found violations of DR 1-102(A)(4) (prohibiting conduct involving fraud, deceit, dishonesty, or misrepresentation), 6-101(A)(3) (prohibiting the neglect of an entrusted legal matter), and 7-101(A)(2) (prohibiting the intentional failure to carry out a contract of employment for professional services).

## Sanction

{¶ 10} In recommending a sanction for this misconduct, the panel and board reviewed the mitigating and aggravating factors of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As mitigating features, the panel and board found that respondent had been in practice for over 25 years with no prior disciplinary offenses. BCGD Proc.Reg. 10(B)(2)(a). Respondent had also cooperated in the disciplinary proceedings and expressed remorse for his misconduct. BCGD Proc.Reg. 10(B)(2)(d). He explained that he had been a sole practitioner since 1991, working mainly in domestic relations and criminal defense, and was not familiar with medical-malpractice cases. Conceding that he should not have taken on the Myrice case, respondent promised to refer such cases in the future. He also advised that he had recently become associated with another veteran attorney who had least 20 years of experience in domestic-relations, criminal, and bankruptcy cases.

{¶ 11} Also in mitigation, respondent submitted letters from two judges, a magistrate, and four attorneys commending his character, reputation, competence, and professionalism. As one example, Judge Thomas J. Osowik of the Lucas

County Common Pleas Court wrote that in the 14 years respondent had been appearing in his courtroom, respondent had always demonstrated "impeccable character" and was consistently a very well-prepared advocate. Judge Osowik added that respondent "often represents difficult clients who bring with them difficult and complex problems." Further, respondent acknowledged the wrongfulness of his neglect and dishonesty.

{¶ 12} Against these factors, the panel and board weighed the aggravating effect of respondent's having intentionally misled the Myrices, whom he had represented for years, to placate them and conceal his inaction. BCGD Proc.Reg. 10(A)(2)(b). Moreover, respondent had caused this couple irreparable harm — they lost two cases to statutes of limitation, barring both the medical-malpractice claim in Count I and the personal-injury claim in Count II. BCGD Proc.Reg. 10(B)(1)(h). The Myrices, however, have apparently received at least some compensation through a malpractice-insurance settlement against respondent.

{¶ 13} The parties jointly proposed that respondent be suspended from the practice of law for one year with six months stayed. Respondent's counsel acknowledged that respondent's case is similar to *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237, and that his violation of DR 1-102(A)(4) required an actual suspension absent significant extenuating or unusual circumstances. Id. The panel and board recommended the one-year suspension with a six-month stay.

Review

{¶ 14} We agree that respondent violated DR 1-102(A)(4), 6-101(A)(3), and 7-101(A)(2) as found by the board. We also find appropriate the one-year suspension with a six-month stay.

{¶ 15} Accordingly, respondent is suspended from the practice of law in Ohio for one year; however, six months of this suspension are stayed on the condition that he does not commit further misconduct during the suspension

period. If respondent violates the terms of the stay, the stay will be lifted, and respondent shall serve the entire one-year suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

LANZINGER, J., not participating.

_____

David F. Cooper and Michael F. Jilek Sr., for relator.

James D. Caruso, for respondent.

_____