TOLEDO BAR ASSOCIATION *v.* HICKMAN.

[Cite as *Toledo Bar Assn. v. Hickman,* 113
Ohio St.3d 164, 2007-Ohio-1256.]

(No. 2006–1936—Submitted November 29, 2006—Decided April 4, 2007.)

**Per Curiam.**

{¶ 1} Respondent, Gregg D. Hickman of Toledo, Ohio, Attorney Registration No. 0020032, was admitted to the practice of law in Ohio in 1978.

{¶ 2} On December 28, 2005, we suspended respondent's license to practice for one year, conditionally staying six months of the suspension, because he failed to timely file a wrongful-death action on behalf of the victim's parents, he lied about the status of the victim's estate and settlement of the wrongful-death claim, and he dismissed a previous personal-injury action involving the victim without consent. *Toledo Bar Assn. v. Hickman,* 107 Ohio St.3d 296, 2005-Ohio-6513, 839 N.E.2d 24.

{¶ 3} Prior to our suspension order, on October 10, 2005, relator, Toledo Bar Association, charged respondent in a two-count complaint with additional violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause, including the parties' comprehensive stipulations, and made findings of fact, conclusions of law, and a recommendation. The board adopted the panel's findings of misconduct and recommended sanction.

## Misconduct

{¶ 4} Respondent stipulated and the board found that he had violated DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter) with respect to both counts of the complaint.

{¶ 5} As to Count I, the parties stipulated that David K. Henley retained respondent in October 2002 to help him reopen his divorce case, which had ended in 1987. Henley wanted to prove by genetic testing that he was not, as he had

stipulated and the court in that case had found, the father of a son born during the marriage in 1983. Henley's goal was to prevent the Social Security Administration from garnishing his monthly benefits to collect a $6,000 arrearage in child support.

{¶ 6} Henley paid respondent $400 at the outset of the representation and agreed to pay an additional $350. Respondent accepted these payments, agreeing to pursue the termination of Henley's parentage status even though the claim was not legally viable at the time. Respondent admitted that he should have realized this and told his client.

{¶ 7} As to Count II, the parties stipulated that Bellia Garrobo hired respondent in March 2002 to defend her against two felony theft charges alleging that she had stolen from a home in which she worked as a maid. At that time, Garrobo, a native of Mexico, spoke and understood little English. In fact, a predecessor to respondent had filed a motion to suppress her confession, arguing that she had not understood her *Miranda* rights, and the court eventually granted that motion.

{¶ 8} Respondent relied on one of Garrobo's friends to act as an interpreter during their meetings and to prepare for trial. He intended to use the same friend as an interpreter during Garrobo's trial; however, he also listed the friend as a witness, which, because of a court-ordered separation of witnesses, precluded the friend from remaining in the courtroom during the trial. Respondent tried the case without an interpreter to explain the proceedings to his client, and Garrobo was found guilty.

{¶ 9} Garrobo discharged respondent following the verdict and obtained new counsel. The successor counsel moved to set aside the verdict on the basis of ineffective assistance of counsel, and the court granted the motion. Garrobo ultimately pleaded guilty to one misdemeanor charge and was placed on probation.

## Recommended Sanction

{¶ 10} In their stipulations, the parties also proposed a sanction for respondent's misconduct. Citing the mitigating effect of respondent's cooperation in the disciplinary proceeding, the parties advocated a one-year suspension of respondent's license to be served in addition to his prior suspension. Adopting the panel report, the board recommended a one-year suspension to be served consecutively.

## Review

{¶ 11} We agree that respondent violated DR 6–101(A)(3) as found by the board and that the recommendation is appropriate. Respondent is therefore

suspended from the practice of law in Ohio for one year. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

LANZINGER and CUPP, JJ., not participating.

David F. Cooper, Michael F. Jilek Sr., and Jonathan Cherry, Bar Counsel, for relator.

James D. Caruso, for respondent.