DISCIPLINARY COUNSEL *v*. JOHNSON.

[Cite as *Disciplinary Counsel v. Johnson*,

122 Ohio St.3d 293, 2009-Ohio-3501.]

*Attorneys — Misconduct — Conduct involving dishonesty — Engaging in conduct that prejudices the administration of justice — Neglecting a client's legal matters — Conduct that adversely reflects on lawyer's fitness to practice law — Failure to seek the lawful objectives of a client — License suspension.*

(No. 2009-0398 — Submitted April 8, 2009 — Decided July 23, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 08-040.

_____

**Per Curiam**.

{¶ 1} Respondent, Lisa Lorraine Johnson, Attorney Registration No. 0075867 and registration address in Lewis Center, Ohio, was admitted to the practice of law in Ohio in 2003.

{¶ 2} The Board of Commissioners on Grievances and Discipline has recommended that we suspend respondent's license to practice for one year, but stay six months of the suspension on probationary conditions, based on findings that she lied to a client about having settled the client's personal-injury action. We accept the board's findings that respondent committed this professional misconduct and the recommendation for a one-year suspension, with six months stayed and probation. Because respondent has implied that depression contributed to cause her misconduct, we add as a condition for her readmission that she undergo a mental-health evaluation and produce a report to establish her mental fitness to return to the competent, ethical, and professional practice of law.

**{¶ 3}** Relator, Disciplinary Counsel, charged respondent in a single-count complaint with violating four Disciplinary Rules of the former Code of Professional Responsibility. Respondent was served the complaint but did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the board granted the motion, making findings of fact, conclusions of law, and a recommendation for the one-year suspension and six-month stay with probation. The board adopted the master commissioner's findings of misconduct and recommendation.

### Misconduct

**{¶ 4}** Lorene G. Dowell retained respondent in December 2004 to recover damages for injuries Dowell sustained in a November 2004 automobile accident. Dowell agreed to pay respondent 33 percent of any amount recovered on her behalf. According to deposition testimony, respondent then began contacting the tortfeasor's insurance carrier to inquire about settling the claim. The insurer was fairly uncooperative, and the case never settled.

**{¶ 5}** Apart from having fruitless communications with the insurance carrier, obtaining medical records, and towing away Dowell's vehicle after the accident, respondent did nothing on her client's case. She nevertheless assured Dowell when asked that the "legal matter was moving forward." And in the spring of 2006, respondent falsely told Dowell that the case was going to be resolved, that she expected to receive money soon, and that Dowell would have her money "by Mothers' Day." Respondent testified that she intended to pay Dowell with funds of her own. She never did.

**{¶ 6}** The two-year statute of limitations for Dowell's action lapsed, leaving Dowell with no remedy against the tortfeasor. Respondent afterward refused to meet with Dowell and stopped communicating with her completely. Although respondent had professional malpractice insurance, she did not report

the potential claim to her carrier, and it is not evident from the record whether Dowell ever pursued that relief.

**{¶ 7}** Because respondent falsely advised that her client's case was being settled, the board found her in violation of DR l-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), l-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects upon the lawyer's fitness to practice law), and 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter). We accept these findings of misconduct.

### Sanction

**{¶ 8}** Having found that respondent violated the cited duties to her client, the board weighed the aggravating and mitigating factors of respondent's case and reviewed sanctions imposed in similar cases.

**{¶ 9}** With regard to mitigation, we agree with the board's findings that respondent, who registered as inactive in November 2007 and has not practiced since, had no prior disciplinary record. See Section 10(B)(2)(a) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Moreover, though the record does not contain evidence to establish the mitigating effect of mental disability under BCGD Proc.Reg. 10(B)(2)(g), respondent asserted that she has been deeply depressed because of the death of a close relative.

**{¶ 10}** The board relied on *Toledo Bar Assn. v. Hickman,* 107 Ohio St.3d 296, 2005-Ohio-6513, 839 N.E.2d 24; *Disciplinary Counsel v. Keller,* 110 Ohio St.3d 240, 2006-Ohio-4354, 852 N.E.2d 1195; and *Disciplinary Counsel v. Stollings,* 111 Ohio St.3d 155, 2006-Ohio-5345, 855 N.E.2d 479, as precedent for

recommending a one-year suspension with six months stayed on probationary conditions, explaining:

**{¶ 11}** "In *Hickman,* * * * Respondent voluntarily dismissed a personal injury claim without the client's knowledge and continued to represent that the case was still pending. When the client died, Hickman failed to file a wrongful death action before expiration of the statute [of limitations] and continued to misrepresent to the beneficiaries of that wrongful death claim that he had filed the case and that an expert had been retained to review the same. Hickman was suspended for one year with six months stayed.

**{¶ 12}** "In *Keller*, * * * Keller falsely advised the client that he had received a $30,000.00 settlement offer which Keller intended to pay with his own funds. The client refused the offer and obtained new counsel who learned that the claim had not been filed. Keller was suspended for two years with eighteen (18) months stayed.

**{¶ 13}** "In *Stollings,* * * * the Respondent deceived the client regarding the status of the case, leading the client to believe that the case had been settled, despite the fact that it had been dismissed by the Court. Stollings was suspended for six months."

**{¶ 14}** We also find these cases to be similar and accept the board's recommendation. Respondent is therefore suspended from the practice of law in Ohio for one year; however, the last six months of the suspension are stayed on the condition that respondent successfully complete a six-month probation in accordance with Gov.Bar R. V(9). To be readmitted to practice, respondent must also undergo a mental-health evaluation and produce a report to establish her mental fitness to return to the competent, ethical, and professional practice of law. If respondent violates the condition of the stay, the stay will be lifted, and respondent will serve the one-year suspension.

**{¶ 15}** Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

_____