O’Connor, C.J.,
dissenting.
{¶ 29} The preamble to the Ohio Rules of Professional Conduct, entitled “A Lawyer’s Responsibilities,” lays out broad obligations, recognizing that “a lawyer not only represents clients but has a special responsibility for the quality of justice” and that that responsibility extends “to practicing lawyers even when they are acting in a nonprofessional capacity.” Prof.Cond.R., Preamble [1], [3]. By imposing a marginal sanction — a fully stayed one-year suspension — on respondent, Aaron Brockler, the majority minimizes his significant ethical violations and does so based upon a myopic view of the Rules of Professional Conduct. The men and women who serve as prosecutors in this state are authorized to enforce the law and administer justice, one of the noblest pursuits an attorney can enjoy. Accordingly, they must meet or exceed the highest ethical standards imposed on our profession. Given the significant ethical violations Brockler committed, I cannot implicitly condone the imposition of a negligible sanction for his egregious misconduct.
{¶ 30} The substantial evidence of wrongdoing and the aggravating factors in this case prove that Brockler committed significant violations of the Rules of Professional Conduct. Yet faced with Brockler’s glaring disdain for the ethical responsibilities this court imposes on all attorneys in this state, a majority of this court imposes only a one-year suspension, fully stayed.
{¶ 31} In the past, our punishment for lawyers’ conduct involving dishonesty, fraud, deceit, or misrepresentation has been significantly harsher. We indefinitely suspended an attorney who had lied to the disciplinary counsel’s investigator. Cleveland Metro. Bar Assn. v. Gruttadaurio, 136 Ohio St.3d 283, 2013-Ohio-3662, 995 N.E.2d 190, ¶ 2-4. We imposed a one-year suspension, with six months stayed on conditions, on an attorney who had falsely advised that her client’s case was being settled. Disciplinary Counsel v. Johnson, 122 Ohio St.3d 293, 2009-Ohio-3501, 910 N.E.2d 1034, ¶ 7, 14. We suspended a lawyer for six months for attempting to advance his client’s interests with evidence that the lawyer knowingly fabricated. Cleveland Bar Assn. v. McMahon, 114 Ohio St.3d 331, 2007-Ohio-3673. 872 N.E.2d 261, ¶ 25, 30,
*277 {¶ 32} The disciplined attorneys in those cases were ordered to serve actual suspensions, and none of them was a prosecutor. Instead, those cases all involved civil matters, in which the worst outcome risked by the lawyer’s deception was the loss of money by a party.
{¶ 33} In contrast, the stakes in this case involved imprisonment for up to a life term. Brockler actively hindered the pursuit of justice in a criminal proceeding on multiple occasions, by lying to alibi witnesses in an effort to make them change their statements. He made every effort to hide his deceptive activities until they were uncovered, and then he refused to admit that his actions were wrong.
{¶ 34} Failing to require Brockler to serve even a single day of his suspension does little to establish that this court will ensure the integrity of prosecutors and the ethical administration of justice. Indeed, none of the cases upon which the majority opinion relies to support a fully stayed suspension involves a lawyer lying in a criminal case to the detriment of a criminal defendant and, ultimately, to the detriment of the public’s faith in our courts and in justice.[1]
{¶ 35} The stakes in this case are significantly higher than those in the cases cited in the majority opinion. The courts are the bulwark of justice, and we must prove that government is trustworthy and working tirelessly but fairly, ethically, and honestly in support of justice. To do that, we must require the offices of Ohio’s prosecuting attorneys to strive for flawless obedience to the ethical rules governing all lawyers practicing in the state.
{¶ 36} Despite Brockler’s claims about his training in the prosecutor’s office, Brockler admits that his actions at issue in this case were not directed by a *278 supervisor and that whatever a supervisor may have told him in the past does not excuse his conduct. It is the responsibility of every Ohio lawyer to know and follow the Rules of Professional Conduct. There is no separate code of conduct that prosecutors alone get to play by.
Scott J. Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.
Montgomery, Rennie & Jonson, George D. Jonson, and Kimberly Vanover Riley, for respondent.
{¶ 37} I am cognizant of Brockler’s desire to serve the public and to do what is “right” by protecting society from dangerous criminal defendants, just as I am aware of the intensely difficult nature of such work, which often involves tragic circumstances, elicits visceral reactions, and presents great risks for both the accuser and the accused. See Disciplinary Counsel v. LoDico, 106 Ohio St.3d 229, 2005-Ohio-4630, 833 N.E.2d 1235, ¶ 30. Although criminal cases “bring the responsibility and necessity” of zealous representation, a prosecuting attorney “is not endowed with a concomitant right to denigrate the court in discharging that responsibility.” Id.
{¶ 38} In light of the series of lies and misrepresentations here and the impact they have on the profession and our communities, I would indefinitely suspend Brockler’s license to practice law in this state.
Conclusion
{¶ 39} Because I believe that the court’s sanction in this case is entirely incongruous with Brockler’s behavior, I cannot subscribe to it. For his ethical misdeeds, I would indefinitely suspend Brockler’s license to practice law in the state of Ohio. Accordingly, I dissent.
Lanzinger, J., concurs in the foregoing opinion.

. In Columbus Bar Assn. v. King, the attorney lied to a landlord in a slip-and-fall case in order to add a slander claim to the complaint of his client, the landlord’s former tenant. 84 Ohio St.3d 174, 175-177, 702 N.E.2d 862 (1998). The opinion does not disclose if the landlord ever had to defend the false slander claim in court or if the deception came out prior to trial. In Cincinnati Bar Assn. v. Statzer, this court found that a lawyer engaged in subterfuge that intimidated a witness during a deposition related to a disciplinary investigation for failing to provide a file to a former client. 101 Ohio St.3d 14, 2003-Ohio-6649, 800 N.E.2d 1117, ¶ 2, 16. Disciplinary Counsel v. Niermeyer concerned an attorney who lied when he backdated a workers’ compensation claim in order to cover up the fact that he missed a filing deadline. 119 Ohio St.3d 99, 2008-Ohio-3824, 892 N.E.2d 434, ¶ 4. In that case, the attorney was “almost immediately * * * struck with regret and overwhelmed with guilt” over his deception. Id. at ¶ 5. In contrast, Brockler steadfastly denied that his actions were unethical. The deceit in Disciplinary Counsel v. Potter, 126 Ohio St.3d 50, 2010-Ohio-2521, 930 N.E.2d 307, bears even less resemblance to Brockler’s ease. There, Potter’s deception involved giving money to a friend to purchase, at the fairly appraised value, property from an estate of which Potter was the executor, with the plan calling for Potter to ultimately become owner of the land. Id. at ¶ 6. While recognizing that each of these cases involved dishonesty, fraud, deceit, or misrepresentation that was wholly inappropriate for a lawyer and was a discredit to our honorable profession, the stakes at issue in these cases were, at most, monetary and wholly inapposite to the circumstances here.