**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus Bar Assn. v. Roseman,* **Slip Opinion No. 2016-Ohio-5085.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5085

COLUMBUS BAR ASSOCIATION *v.* ROSEMAN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Roseman,* Slip Opinion No. 2016-Ohio-5085.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—One-year suspension with six months stayed on conditions.*

(No. 2015-2012—Submitted January 27, 2016—Decided July 26, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-003.

_____

**Per Curiam.**

{¶ 1} Respondent, Darwin Richard Roseman of Westerville, Ohio, Attorney Registration No. 0064756, was admitted to the practice of law in Ohio in 1995. Relator, Columbus Bar Association, charged him with neglect and dishonesty in a single client matter and engaging in a pattern of misconduct in various other cases. After a hearing, a three-member panel of the Board of

Professional Conduct dismissed the charges relating to the alleged pattern of misconduct but found that he had committed professional misconduct in the single client's case. The board adopted the panel's findings and recommends that we sanction Roseman with a one-year suspension, with six months stayed on conditions. Neither party has filed objections to the board's report and recommendation.

{¶ 2} Based on our review of the record, we agree with the board's findings of misconduct and the recommended sanction.

**Misconduct**

{¶ 3} In May 2007, Michael Williams retained Roseman to represent him in a personal-injury case. Almost two years later—on the last day of the applicable statute of limitations—Roseman filed a lawsuit on Williams's behalf. The defendant's insurance carrier thereafter requested information about Williams's injury, and although Roseman indicated that he would send the information, he failed to do so. Nor did Roseman respond to the defendant's discovery requests. In February 2010, the trial court ordered Roseman to comply with the defendant's discovery requests within seven days, but Roseman instead filed a notice of voluntary dismissal without prejudice. According to Williams, Roseman failed to communicate with him about the case and merely told him that he was planning a "legal maneuver" to buy more time—not that he intended to dismiss the lawsuit.

{¶ 4} After filing the notice of dismissal, Roseman notified the defendant's counsel that he would work directly with the insurance carrier to settle Williams's claim. But Roseman failed to comply with two more requests from the insurer seeking information about Williams's injury. More significantly, Roseman failed to refile the lawsuit by February 18, 2011—one year from the dismissal date— which barred Williams from continuing to litigate his claim in court.

{¶ 5} At Roseman's attorney-discipline hearing, he and Williams gave differing accounts of their communications before the refiling deadline. Roseman

2

testified that Williams had discharged him over the telephone at some point prior to the refiling deadline.

{¶ 6} Williams, however, denied discharging Roseman before the deadline. Williams testified that on February 7, 2011, Roseman told him that there was an important upcoming filing date and that he had hoped to have the case resolved by the end of winter. Williams claimed that he next received two letters from Roseman—after the February 18 refiling deadline—in which Roseman falsely stated that Williams had discharged him. Specifically, Williams testified that on February 23, he received a letter from Roseman stating that Williams had terminated his services "[s]everal weeks ago" and that he needed the name of Williams's new attorney so that he could forward Williams's client file. Williams testified that he received the second letter four or five days later—although it was dated February 1—and that it also stated that he had terminated Roseman. The second letter additionally advised Williams to refile his case by February 18 or else his "legal rights in the matter [would] expire." Williams was confused and upset that Roseman notified him of the refiling deadline only after it was too late for him to comply. Indeed, Williams later sued Roseman for malpractice and obtained a judgment for $135,000.

{¶ 7} The panel and board believed Williams over Roseman. The panel found that Roseman's two letters were after-the-fact attempts to excuse his failure to refile Williams's lawsuit and therefore that Roseman was untruthful and deceitful in his communications with his client regarding why he had not refiled the case. Because the panel was in the best position to assess the believability of the witnesses, we defer to its credibility determination here. *See Cuyahoga Cty. Bar Assn. v. Wise*, 108 Ohio St.3d 164, 2006-Ohio-550, 842 N.E.2d 35, ¶ 24 ("Unless the record weighs heavily against a hearing panel's findings, we defer to the panel's credibility determinations, inasmuch as the panel members saw and heard the witnesses firsthand").

**{¶ 8}** Based on this evidence, the board found that Roseman had violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(1) through (4) (requiring a lawyer to promptly inform the client of decisions that require the client's informed consent, to reasonably communicate with a client, to keep the client reasonably informed about the status of a matter, and to promptly comply with reasonable requests for information), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

**{¶ 9}** We agree with these findings of misconduct. We also dismiss any other alleged rule violations that the panel has not already dismissed.

### Sanction

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

*Aggravating and mitigating factors*

**{¶ 11}** The board found two mitigating factors: Roseman has no prior discipline and he cooperated in the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(1) and (4). The board addressed only one aggravating factor—whether Roseman had engaged in a pattern of misconduct—and found that the evidence was insufficient to establish a pattern. However, given that the board found that Roseman had lied to his client when attempting to justify his failure to refile the lawsuit, we note that Roseman also had a dishonest and selfish motive under Gov.Bar R. V(13)(B)(2).

*Applicable precedent*

**{¶ 12}** "A violation of Prof.Cond.R. 8.4(c) will typically result in an actual suspension from the practice of law unless 'significant mitigating factors that

warrant a departure' from that principle are present." *Disciplinary Counsel v. Potter*, 126 Ohio St.3d 50, 2010-Ohio-2521, 930 N.E.2d 307, ¶ 10, quoting *Disciplinary Counsel v. Rohrer*, 124 Ohio St.3d 65, 2009-Ohio-5930, 919 N.E.2d 180, ¶ 45. "[A]n actual suspension is particularly appropriate when an attorney's dishonesty has been directed toward a client." *Disciplinary Counsel v. Stollings*, 111 Ohio St.3d 155, 2006-Ohio-5345, 855 N.E.2d 479, ¶ 13. Here, the board cited a series of cases in which we suspended attorneys for neglecting a matter and then attempting to conceal their neglect with misrepresentations to their clients. We agree that these cases are instructive to the circumstances in this matter.

**{¶ 13}** For example, in *Stollings*, an attorney neglected a client's case, failed to inform the client when the court dismissed the matter, and then made false assertions to the client about the progression of the case. *Id.* at ¶ 5-10. In mitigation, the attorney had no prior discipline, cooperated in the disciplinary proceedings, and made timely restitution to the client. *Id.* at ¶ 11. We suspended the attorney for six months. *Id.* at ¶ 15.

**{¶ 14}** In *Disciplinary Counsel v. Keller*, 110 Ohio St.3d 240, 2006-Ohio-4354, 852 N.E.2d 1195, the attorney neglected a client's personal-injury matter, failed to return her telephone calls, failed to inform the client that he had no malpractice insurance, and falsely told her that he had filed a lawsuit. And when the client attempted to terminate the attorney's services, the attorney lied again by claiming that he had received a settlement offer. *Id.* at ¶ 3-7. The client later discovered that the statute of limitations had run on her claim, and she obtained a default judgment in a malpractice action against the attorney. *Id.* at ¶ 6. In mitigation, the attorney had no prior discipline and submitted evidence of good character and a chemical dependency. *Id.* at ¶ 10. We suspended the attorney for two years, with 18 months stayed on conditions, and we also conditioned his reinstatement on the payment of restitution in the amount of the malpractice judgment. *Id.* at ¶ 14.

**{¶ 15}** Finally, in *Disciplinary Counsel v. Johnson*, 122 Ohio St.3d 293, 2009-Ohio-3501, 910 N.E.2d 1034, an attorney neglected a client's personal-injury matter but falsely advised the client that the matter was moving forward and that it would be settled by a specified date. The statute of limitations eventually lapsed, leaving the client with no remedy against the tortfeasor. *Id.* at ¶ 4-7. In mitigation, the attorney had no prior discipline. *Id.* at ¶ 9. We sanctioned her with a one-year suspension, with six months stayed on the condition that she serve a period of probation. *Id.* at ¶ 9, 14.

**{¶ 16}** Relying on this precedent, the board recommends that we suspend Roseman for one year, with six months stayed on conditions, including monitored probation, and that we condition his reinstatement on resolving Williams's malpractice judgment against him. Having considered the ethical duties that Roseman violated and the relevant aggravating and mitigating factors, we find that the board's recommended sanction is consistent with the sanctions we have imposed in comparable cases. Accordingly, we adopt the board's recommended sanction.

### Conclusion

**{¶ 17}** Darwin Richard Roseman is hereby suspended from the practice of law for one year, with six months stayed on the conditions that he commit no further misconduct and upon reinstatement, submit to a one-year period of probation during which he must cooperate and work with a monitor assigned by relator. Additionally, Roseman's reinstatement to the practice of law is conditioned on his resolving the $135,000 judgment that was imposed against him in Williams's malpractice action. If Roseman fails to comply with any condition of the stay, the stay will be lifted and he will serve the entire one-year suspension. Costs are taxed to Roseman.

*Judgment accordingly.*

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Robert D. Erney; Mazanec, Raskin & Ryder Co., L.P.A., and Michael Loughry; Porter, Wright, Morris & Arthur, L.L.P., and Robert McAdams; and Lori J. Brown, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

James E. Arnold & Associates, L.P.A., and Alvin E. Mathews Jr., for respondent.

_____