**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Mahin,* **Slip Opinion No. 2016-Ohio-3336.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3336

DISCIPLINARY COUNSEL *v.* MAHIN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Mahin,* Slip Opinion No. 2016-Ohio-3336.]**

*Attorney misconduct, including a felony conviction for misappropriating funds from law firm—Two-year suspension with one year stayed on conditions.*

(No. 2015-1641—Submitted October 28, 2015—Decided June 14, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-036.

_____

**Per Curiam.**

{¶ 1} Respondent, John Edward Mahin of Cincinnati, Ohio, Attorney Registration No. 0011253, was admitted to the practice of law in Ohio in 1977. On January 9, 2015, we suspended his license on an interim basis after receiving notice that he had been convicted of fifth-degree-felony theft for misappropriating funds from his former law firm. *In re Mahin*, 142 Ohio St.3d 1254, 2015-Ohio-

26, 32 N.E.3d 461. In May 2015, relator, disciplinary counsel, charged him with professional misconduct based on the facts that led to his felony conviction.

{¶ 2} The Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16). In the agreement, Mahin admitted that between February 2013 and June 2013, he converted $15,261.97 of law-firm funds for his own personal use. Mahin also admitted that in February 2013, he fraudulently endorsed a client's name on a $270.96 settlement check and then deposited those proceeds into his personal account. He also admitted that in July 2014, he signed a settlement document as a witness to a client's signature without assurance from the client that it was his signature. (In fact, the client died before the document was signed.) The parties stipulated that Mahin's conduct violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

{¶ 3} The parties stipulated to the following mitigating factors: Mahin has no prior discipline; he made timely and full restitution to his former law firm and the former client; he fully cooperated in the disciplinary process; he has a reputation for good character in the Cincinnati legal community; he has been subject to other penalties—namely, the Hamilton County Court of Common Pleas sentenced him to one year of community control and ordered him to perform 80 days of community service, both of which he successfully completed, for his theft conviction; he voluntarily entered into a mental-health contract with the Ohio Lawyers Assistance Program ("OLAP"); and he has been diagnosed with a depressive disorder, and his psychologist, who has been treating Mahin on a regular basis since September 2013, has concluded that his depression contributed

2

to his misconduct and that he is ready to return to the ethical and professional practice of law. *See* Gov.Bar R. V(13)(C)(1), (3) through (7). As for aggravating factors, the parties stipulated that Mahin had a dishonest or selfish motive, he engaged in a pattern of misconduct, and he committed multiple offenses. *See* Gov.Bar R. V(13)(B)(2) through (4).

**{¶ 4}** The parties stipulate that the appropriate sanction is a two-year suspension with the second year stayed on a number of conditions, including that Mahin continue to receive counseling, comply with his OLAP contract, and upon reinstatement, submit to a two-year period of monitored probation. The parties also stipulate that Mahin should be given credit for the time served under his interim felony suspension.

**{¶ 5}** The board found that the consent-to-discipline agreement conforms to the requirements of Gov.Bar R. V(16), and it recommends that we adopt the agreement in its entirety. In support of this recommendation, the board cites *Disciplinary Counsel v. Kraemer*, 126 Ohio St.3d 163, 2010-Ohio-3300, 931 N.E.2d 571, another case involving an attorney who misappropriated law-firm funds. Similar to the facts here, the attorney in *Kramer* did not have a disciplinary record, paid restitution to his former employer, cooperated in the disciplinary process, demonstrated his good character and reputation, and after entering a guilty plea to a fifth-degree-felony theft charge, was sentenced to community control. *Id.* at ¶ 4, 8. Additionally, Kraemer had a mental disorder that qualified as a mitigating factor. *Id.* at ¶ 8. In determining the appropriate sanction, we acknowledged that an actual suspension is generally required for attorneys who misappropriate law-firm funds or who engage in dishonest conduct, and therefore we suspended Kraemer for two years with one year stayed on conditions, including that he participate in mental-health counseling and complete a two-year term of monitored probation. *Id.* at ¶ 13, 15. However, citing Kraemer's acceptance of responsibility, his expression of remorse, the short

duration of his misconduct, and the absence of any objection from the relator, we credited him with one year of the time served under his interim felony suspension arising from the same conduct. *Id.* at ¶ 14.

**{¶ 6}** We agree with the parties and the board that Mahin's conduct violated Prof.Cond.R. 8.4(b), 8.4(c), and 8.4(d). We also agree that *Kraemer* is relevant precedent and that a similar sanction is warranted here. Accordingly, we adopt the parties' consent-to-discipline agreement.

**{¶ 7}** John Edward Mahin is hereby suspended from the practice of law for two years with the second year stayed on the conditions that he (1) continue psychological counseling, (2) comply with his OLAP contract dated June 22, 2012, as extended on February 20, 2015, (3) submit to law-practice-management counseling, including counseling on client trust accounts, as set forth in exhibit 7 of the consent-to-discipline agreement, (4) serve a two-year period of monitored probation upon his reinstatement to the practice of law, and (5) refrain from any further misconduct. If Mahin fails to comply with the conditions of the stay, the stay will be lifted and he will serve the entire two-year suspension. Mahin shall also receive credit for time served under the interim felony suspension imposed on January 9, 2015. Costs are taxed to Mahin.

Judgment accordingly.

PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and O'DONNELL, J., dissent and would remand the cause to the Board of Professional Conduct, to reconsider the decision to grant respondent credit for time served under interim felony suspension.

_____

Scott J. Drexel, Disciplinary Counsel, and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

White, Getgey & Meyer Co., L.P.A., David P. Kamp, and Jean Geoppinger McCoy, for respondent.

4

_____