NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7830

DISCIPLINARY COUNSEL *v.* AMES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Ames,* Slip Opinion No. 2016-Ohio-7830.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Two-year suspension with final six months stayed on conditions.*

(No. 2016-0857—Submitted July 13, 2016—Decided November 22, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-079.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Arthur Arould Ames of Dayton, Ohio, Attorney Registration No. 0018227, was admitted to the practice of law in Ohio in 1969. On December 10, 2015, we suspended his license on an interim basis after receiving notice that he had been convicted of theft by deception, a fifth-degree felony, for misappropriating funds from his late brother's estate. *In re Ames*, 144

Ohio St.3d 1280, 2015-Ohio-5105, 45 N.E.3d 1024. Later that month, relator, disciplinary counsel, charged Ames with professional misconduct based on the facts that led to his felony conviction.

{¶ 2} The Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16). In the agreement, Ames admitted that as executor of his brother's estate, he misappropriated $8,140.39 from his two nieces' shares of the estate proceeds. Ames also admitted that in a filing in probate court, he falsely represented that he had his nieces' consent to distribute additional funds to himself. Based on that conduct, he pled guilty to theft by deception, and he agreed to waive his executor's fee of $2,500 and make restitution in the amount of $5,640.39. The court sentenced him to a three-year period of community control and also ordered, among other things, that he pay $5,640.39 in restitution to the estate at the rate of $160 a month.

{¶ 3} The parties stipulated that Ames's conduct violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

{¶ 4} The parties also stipulated that in mitigation, Ames has no prior disciplinary record, he made full and free disclosure to the board and had a cooperative attitude toward the disciplinary proceedings, other penalties have been imposed for the same misconduct, and he has acknowledged his wrongdoing and expressed sincere remorse for the harm caused to his nieces and to the administration of justice. *See* Gov.Bar R. V(13)(C)(1), (4), and (6). As for aggravating factors, the parties stipulated that Ames had a dishonest or selfish

2

motive and had committed multiple offenses. *See* Gov.Bar R. V(13)(B)(2) and (4).

{¶ 5} As a sanction, the parties recommended that Ames serve a two-year suspension with the final six months stayed and that he be given credit for the period of his interim felony suspension. To support their recommendation, the parties primarily rely on *Disciplinary Counsel v. Kraemer*, 126 Ohio St.3d 163, 2010-Ohio-3300, 931 N.E.2d 571, a case in which we suspended an attorney for two years, with one year conditionally stayed, for misappropriating $7,157.10 in client fees belonging to his law firm, which led to a fifth-degree-felony theft conviction. In mitigation, the attorney in *Kraemer* had no disciplinary record, paid restitution to his former employer, cooperated in the disciplinary process, demonstrated good character and reputation, incurred other penalties or sanctions, and demonstrated the existence of a mental disorder that contributed to the misconduct. The factors cited in aggravation were the attorney's dishonest or selfish motive and his pattern of misconduct involving multiple offenses. Citing the attorney's acceptance of responsibility, his expression of remorse, the short duration of his misconduct, and the absence of any objection from the relator, we credited one year of the time served under his interim felony suspension against the two-year suspension. *Id.* at ¶ 14.

{¶ 6} The board found that the parties' consent-to-discipline agreement conforms to the requirements of Gov.Bar R. V(16), and it recommends that we adopt the agreement in its entirety, noting that Ames's misconduct was his only ethical misstep in more than 45 years of practice.

{¶ 7} We agree with the board that Ames engaged in the charged misconduct and that the parties' recommended sanction is appropriate in this case. The circumstances here are analogous to those in *Kraemer* in terms of the amount misappropriated, the rule violations, and the balance of mitigating and aggravating factors. Therefore, a similar sanction is warranted. *See also*

*Disciplinary Counsel v. Mahin*, 146 Ohio St.3d 312, 2016-Ohio-3336, 55 N.E.3d 1108 (suspending an attorney for two years, with the second year stayed on conditions, and granting credit for time served under an interim felony suspension, for misconduct that included misappropriating $15,261.97 from the attorney's former law firm).

{¶ 8} Accordingly, we accept the parties' consent-to-discipline agreement. Arthur Arould Ames is hereby suspended from the practice of law for two years with the final six months stayed. Ames's stayed suspension and his reinstatement to the practice of law are conditioned on his compliance with the restitution order entered in his criminal case and on his committing no further misconduct. If Ames fails to comply with the conditions of the stay, the stay will be lifted and he will serve the entire two-year suspension. Ames shall also receive credit for time served under the interim felony suspension imposed on December 10, 2015. Costs are taxed to Ames.

Judgment accordingly.

PFEIFER, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and O'DONNELL and KENNEDY, JJ., dissent and would remand the cause to the Board of Professional Conduct, to reconsider the decision to grant respondent credit for time served under interim felony suspension.

_____

Scott J. Drexel, Disciplinary Counsel, for relator.

Arthur Arould Ames, pro se.

_____