**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Mahoning Cty. Bar Assn. v. Atway,* **Slip Opinion No. 2018-Ohio-10.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-10

MAHONING COUNTY BAR ASSOCIATION *v.* ATWAY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mahoning Cty. Bar Assn. v. Atway,* Slip Opinion No. 2018-Ohio-10.]**

*Attorneys—Misconduct—Felony conviction for conspiring to prevent another person from freely exercising a legal right—Representing a client using means that have no other purpose than to embarrass or harass a third person—Committing illegal act reflecting adversely on lawyer's honesty or trustworthiness—Engaging in conduct prejudicial to administration of justice—Two-year suspension with no credit for time served.*

(No. 2017-1082—Submitted September 13, 2017—Decided January 3, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-064.

_____

**Per Curiam.**

{¶ 1} Respondent, Neal Ghaleb Atway, of Youngstown, Ohio, Attorney Registration No. 0059252, was admitted to the practice of law in Ohio in 1992. In April 2016, we suspended his license on an interim basis after receiving notice that he had been convicted of a felony. *In re Atway*, 146 Ohio St.3d 1216, 2016-Ohio-1452, 51 N.E.3d 648. In December 2016, relator, Mahoning County Bar Association, charged him with violating several professional-conduct rules as a result of his conviction. After a hearing, the Board of Professional Conduct found that Atway engaged in most of the charged misconduct and recommended that we suspend him for two years, with credit for time served under the interim felony suspension. Neither party has objected to the board's recommendation.

{¶ 2} Upon our review of the record, we adopt the board's findings of misconduct and agree that a two-year suspension is appropriate in this case. However, we decline to grant credit for time served under the interim felony suspension.

### Misconduct

{¶ 3} This matter involves Atway's 2012 representation of Charles Muth. In early 2012, state authorities investigated Muth for allegedly asking an associate to fire gunshots into what Muth believed was the home of Mohd Rawhneh. During the state's investigation of the shooting, police discovered a large marijuana-growing operation in Muth's home, which resulted in federal authorities commencing a separate investigation of him. Atway agreed to represent Muth in the federal matter, and Atway's law partner, Scott Cochran, agreed to represent Muth in the state court proceeding.[1]

{¶ 4} By June 2012, Atway had negotiated a plea agreement in the federal matter. At his disciplinary hearing, Atway testified that although he had negotiated

---

[1] Relator separately charged Cochran with professional misconduct relating to his representation of Muth. *See* __ Ohio St.3d __, 2018-Ohio-4, __ N.E.3d __.

Muth's mandatory five-year prison term down to a six-month sentence, Muth requested that Atway find a way for him to avoid any time in prison. Atway then approached the government's attorney, who indicated that Muth could potentially avoid prison by proving that his life was threatened for cooperating with authorities or by providing incriminating evidence about either public corruption or a lawyer. At the time, Atway believed that the government's attorney wanted Muth to cooperate against a local attorney who the government suspected was involved in Muth's marijuana operation. Atway relayed this information to his client.

{¶ 5} According to Atway, Muth had also asked him to approach Rawhneh about entering into a monetary settlement with Muth, which Muth hoped would prevent Rawhneh from testifying against him at his sentencing hearings. Atway testified that he had repeatedly told Muth that they could not prevent Rawhneh from appearing at Muth's sentencing hearings but Muth had nonetheless requested that Atway attempt a settlement.

{¶ 6} Unbeknownst to Atway, Muth had also contacted the FBI and alleged that Atway and Rawhneh were attempting to extort money from him. As a result, the FBI began recording communications between Atway and Muth and, separately, Atway and Rawhneh. According to Atway, the FBI recorded dozens of his communications with both his client and Rawhneh.

{¶ 7} In November 2012, Atway learned that he was under FBI investigation, and in 2014, the federal government charged him with violating the Hobbs Act, obstruction of justice, making a false statement to law enforcement, and two other offenses. Atway pled not guilty to all charges. After a five-week trial in February and March 2015, the judge declared a mistrial due to juror misconduct. The judge later acquitted Atway on two counts, and the government indicated its intent to retry him on the remaining charges. By October 2015, however, Atway and the government reached an agreement: Atway would plead guilty to a new

charge of violating 18 U.S.C. 241, a class C felony, and the government would dismiss all charges in the original indictment.

{¶ 8} Under 18 U.S.C. 241, persons are prohibited from conspiring with others to injure, oppress, threaten, or intimidate any person in the free exercise and enjoyment of a legal right. Atway admitted that he had violated the statute by entering into a conspiracy to deprive Muth of his right to effective assistance of counsel. Specifically, Atway admitted that he had lied to Muth about his interactions and communications with Rawhneh. Atway also acknowledged that he made vulgar and disparaging comments in his communications with Rawhneh while discussing the potential settlement. At his January 2016 sentencing, the judge fined Atway $2,000 and placed him on probation for three years, with four months under house arrest. Atway paid the fine and served the house arrest, and in March 2017, the court terminated Atway's probation early for good behavior.

{¶ 9} Based on Atway's federal conviction, the parties stipulated and the board found that he had violated Prof.Cond.R. 4.4 (prohibiting a lawyer, while representing a client, from using means that have no substantial purpose other than to embarrass, harass, delay, or burden a third person), 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

{¶ 10} We accept the stipulated findings of misconduct.

## Sanction

{¶ 11} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

### Aggravating and mitigating factors

{¶ 12} The board did not find any aggravating factors in this case.

4

**{¶ 13}** In mitigation, the board found that Atway has no prior disciplinary record, he lacked a dishonest or selfish motive, he made full and free disclosures to relator and the board, and criminal sanctions have been imposed for his misconduct. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (6). The board also determined that Atway submitted evidence demonstrating good character and an excellent reputation in the Youngstown legal community, noting that two Assistant United States Attorneys testified on Atway's behalf in his criminal trial, even though their associates were prosecuting the case against Atway. *See* Gov.Bar R. V(13)(C)(5). In addition, the board noted that Atway's conduct did not harm Muth, who received only a one-month reduction in his prison sentence for cooperating with authorities against Atway. The parties also stipulated—and the board agreed—that restitution should not be an issue in this proceeding, because Muth has filed a separate civil lawsuit against Atway.

*Applicable precedent*

**{¶ 14}** To support its recommended sanction, the board reviewed a number of cases involving attorneys whose misconduct resulted in felony convictions. For example, the board cited *Disciplinary Counsel v. Cohen*, 142 Ohio St.3d 471, 2015-Ohio-2020, 32 N.E.3d 455, in which an attorney representing a criminal defendant paid money to a prosecution witness and talked to the witness about traveling out of state. The attorney later pled guilty to attempted tampering with evidence and attempted obstruction of justice, and we indefinitely suspended him, without credit for time served under his interim felony suspension.

**{¶ 15}** The board also cited *Disciplinary Counsel v. Doumbas*, 149 Ohio St.3d 628, 2017-Ohio-550, 76 N.E.3d 1185, in which an attorney was found complicit in his associates' efforts to bribe a client's victims into supporting a more lenient sentence for the client. Based on the attorney's bribery conviction, we indefinitely suspended him but granted credit for time served under the interim

felony suspension, which we had imposed over three years before our final disciplinary order.

{¶ 16} On the lower end of sanctions, the board reviewed *Disciplinary Counsel v. Pappas*, 141 Ohio St.3d 1, 2014-Ohio-3676, 21 N.E.3d 260, in which an attorney made multiple false statements—including to a court, a federal grand jury, and disciplinary authorities—in an attempt to protect a long-time friend. After the attorney was convicted of a felony for lying to federal authorities, we suspended him for two years, with no credit for time served under his interim felony suspension. The board also cited *Disciplinary Counsel v. Mahin*, 146 Ohio St.3d 312, 2016-Ohio-3336, 55 N.E.3d 1108, in which an attorney misappropriated funds from his former law firm and was later convicted of fifth-degree-felony theft. Based on the parties' consent-to-discipline agreement, we suspended him for two years, with the second year conditionally stayed, and granted him credit for time served under his felony suspension.

{¶ 17} The board concluded that Atway's misconduct—which it characterized as "essentially lying to his client"—was less egregious than the criminal conduct in the above-cited cases. The board also described Atway's behavior as "a one-time, out of character mistake" by a well-respected member of the local bar and found that his criminal conduct was the result of "highly unusual facts." Based on Atway's testimony, the parties' stipulations, and the mitigating evidence, the board ultimately recommended a two-year suspension, with credit for time served under Atway's interim felony suspension.

{¶ 18} We agree with the board that this case presents an unusual set of facts and that Atway's conduct was less serious than the criminal conduct in some of the cases cited above. We also agree that a two-year suspension is the appropriate sanction in this case, especially given the presence of several mitigating factors and the absence of any aggravating factors. However, Atway pled guilty to a felony for entering into a conspiracy to deprive a client of his right to effective

6

assistance of counsel. "Few infractions impugn the integrity of the legal profession more than an attorney's criminal acts interfering with the fair administration of justice." *Cohen*, 142 Ohio St.3d 471, 2015-Ohio-471, 32 N.E.3d 455, ¶ 8. Given the nature of Atway's conviction, we find no compelling reason to grant credit for time served under the interim felony suspension.

### Conclusion

{¶ 19} For the reasons explained above, Neal Ghaleb Atway is suspended from the practice of law in Ohio for two years, with no credit for time served under his interim suspension. Costs are taxed to Atway.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, and FISCHER, JJ., concur.

FRENCH, O'NEILL, and DEWINE, JJ., dissent, and would grant credit for time served under interim suspension.

_____

David Comstock Jr. and J. Michael Thompson, Bar Counsel, for relator.

John B. Juhasz; and Maro & Schoenike Co. and Lynn Maro, for respondent.

_____