**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Bruce,* **Slip Opinion No. 2020-Ohio-85.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-85

DISCIPLINARY COUNSEL *v*. BRUCE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Bruce,* Slip Opinion No. 2020-Ohio-85.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Conditionally stayed one-year suspension.*

(No. 2019-1076—Submitted September 11, 2019—Decided January 16, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-071.

_____

**Per Curiam.**

{¶ 1} Respondent, Matthew Gilbert Bruce, of West Chester, Ohio, Attorney Registration No. 0083769, was admitted to the practice of law in Ohio in 2008.

{¶ 2} In a formal complaint filed with the Board of Professional Conduct on December 27, 2018, relator, disciplinary counsel, charged Bruce with four

violations of the Rules of Professional Conduct relating to his attempts to collect money owed to him pursuant to a residential lease agreement.

{¶ 3} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors.

{¶ 4} A panel of the board conducted a hearing and issued a report finding that Bruce committed the stipulated violations and recommending that he be suspended from the practice of law for one year, fully stayed on the condition that he engage in no further misconduct. The board adopted the panel's report and recommendation, and no objections have been filed.

{¶ 5} We adopt the board's findings of misconduct and agree that a conditionally stayed one-year suspension is the appropriate sanction for Bruce's misconduct.

**Misconduct**

{¶ 6} On November 30, 2012, Bruce entered into an agreement with Laura and Greg Zetts to lease a residential property Bruce owned in Medina, Ohio. The lease agreement included an option to purchase the property, and Bruce entered into a purchase agreement with the Zettses on March 31, 2017. The Zettses purchased the property on May 31, 2017.

{¶ 7} In the meantime, Bruce had not received rent payments from the Zettses for April and May 2017. Although the Zettses had issued five checks to Bruce to pay the rent due, each of those checks was returned for insufficient funds.

{¶ 8} Following the sale of the property, Bruce began to e-mail and call the Zettses regarding their outstanding rent payments. On June 12, 2017, having received no response, Bruce sent Laura an e-mail to inform her that he would file a civil action against her if he did not receive payment by June 19. The e-mail further stated: "As I'm sure you are aware, under Ohio law, it is a felony to pass bad checks in the amount you have bounced in my accounts over the last six months. * * * [Y]ou have failed to deposit good funds to remedy. If you fail to make the payment

2

described above, I will be forced to file a police report with the Medina Police Department."

**{¶ 9}** On June 19, Bruce followed up with a text informing Laura that if she did not deposit $3,010 into his account that day, he would file a lawsuit and a police report against her and Greg. That same day, Laura's employer, attorney Vincent Stafford, called Bruce to discuss the matter, thereby putting Bruce on notice that the Zettses were represented by counsel.

**{¶ 10}** On June 20, Bruce e-mailed Stafford demanding a payment of $4,515 to avoid civil and criminal litigation. Stafford informed Bruce that the Zettses contested his allegations and cautioned him that his threats to have the Zettses prosecuted while he pursued his civil claims were "grossly inappropriate." Bruce replied to Stafford, stating that his comments about filing a police report were not threats and that he had "very clearly and explicitly laid out exactly what I intend to do if the Zetts[es] do not pay me what they owe me." He also reiterated that Laura had committed a felony.

**{¶ 11}** On July 21, Bruce filed a civil complaint against the Zettses in the Medina County Municipal Court. He continued to communicate directly with the Zettses after filing the complaint—even after September 1, when attorneys Mark Owens and Natalie Grubb entered an appearance on behalf of the Zettses and filed a motion for leave to plead. In responding to a request for information from Owens and Grubb, Bruce renewed his threat to file criminal charges against the Zettses. And he reiterated that threat during a November 8 pretrial conference, maintaining that such a threat was "only impermissible if you have no basis."

**{¶ 12}** The Zettses answered Bruce's civil complaint and asserted several counterclaims against him, and in January 2018, Bruce e-mailed their counsel an offer to settle the matter for $2,000. The Zettses rejected the offer.

**{¶ 13}** On February 1, Bruce filed a criminal complaint against Greg Zetts. He e-mailed a copy of the complaint to Laura and the Zettses' counsel and offered

to drop the criminal charges in exchange for a payment of $4,000 and a mutual release of all claims. The following week, he sent Laura and the Zettses' counsel a letter stating, "I just received the attached letter from the Supreme Court of Ohio Disciplinary Counsel's office. It appears Ms. Zetts filed a grievance against me. Of course, the grievance was dismissed, but I demand to know immediately the basis for Ms. Zetts' grievance. I do not take kindly to meritless grievances * * *."

{¶ 14} The day before Greg Zetts's arraignment, his criminal-defense counsel sent Bruce an e-mail offering $3,150 to settle the matter. Bruce replied, stating that he would accept the offer provided that the Zettses agreed to release all claims against him. He sent a copy of his response directly to Laura without Owens and Grubb's permission. After Owens and Grubb attempted to negotiate an additional matter to settle the civil action, Bruce informed them that he and Laura had already verbally agreed to resolve the dispute. That same day, he asked Laura to confirm by text message that she and Greg had agreed to pay $3,150 in monthly payments of $500 in exchange for a full mutual release of all claims that they had against each other.

{¶ 15} Several days later, Owens and Grubb informed Bruce that the Zettses were willing to settle Bruce's civil and criminal claims for $3,150 but that they were unwilling to withdraw their counterclaims against him. They also advised him that attorneys are not permitted to threaten criminal prosecution to gain an advantage in a civil matter. Bruce replied that his actions were permissible and that he planned to enforce the agreement that he had negotiated directly with Laura without Owens and Grubb's knowledge.

{¶ 16} The criminal charges against Greg Zetts were dismissed on March 27, 2018. That day, Bruce entered into a confidential settlement agreement and release with the Zettses in which they represented that they had not filed any claims, complaints, charges, or lawsuits against Bruce with any governmental agency, this court, or any other court and that they would immediately withdraw any claims they

may have filed against Bruce. The next day, Laura e-mailed relator and asked to withdraw the grievance that she and Greg had filed against Bruce.

{¶ 17} The parties stipulated and the board found that Bruce's conduct violated Prof.Cond.R. 1.2(e) (prohibiting a lawyer from presenting, participating in presenting, or threatening to present criminal charges solely to obtain an advantage in a civil matter) and 4.2 (prohibiting a lawyer from communicating about the subject of the representation with a person the lawyer knows to be represented by another lawyer unless the lawyer has the consent of the other lawyer or is authorized by law or a court order). They also agreed that his inclusion of a provision in the settlement agreement that prevented the Zettses from filing a grievance with a disciplinary authority and required them to withdraw any pending disciplinary grievances violated Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). We adopt these findings of misconduct and, in accord with the parties' stipulations, dismiss one remaining alleged rule violation.

### Sanction

{¶ 18} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 19} The parties stipulated that two aggravating factors are present—Bruce acted with a selfish motive and committed multiple offenses. *See* Gov.Bar R. V(13)(B)(2) and (4). The board also attributed aggravating effect to the fact that he continued his course of conduct even after the Zettses' counsel informed him of its wrongful nature. In mitigation, the parties stipulated that Bruce has no prior discipline, had made full and free disclosure to the board and demonstrated a cooperative attitude toward the proceedings, and had presented evidence of his good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (4), and (5). In

addition, the board found that Bruce had recognized the wrongful nature of his conduct, was remorseful, and had accepted full responsibility for his actions.

{¶ 20} In considering the appropriate sanction for Bruce's misconduct, the board examined prior cases in which we imposed a range of sanctions on attorneys who committed some of the rule violations at issue here. At the least severe end of the range, we publicly reprimanded an attorney who threatened to file criminal charges against a former client for nonpayment of legal fees. *See Cincinnati Bar Assn. v. Cohen*, 86 Ohio St.3d 100, 712 N.E.2d 118 (1999).

{¶ 21} At the opposite end of the range, we imposed a one-year suspension with six months conditionally stayed on an attorney who not only threatened to present criminal charges to obtain an advantage in a civil matter but also acted on behalf of a client to harass or maliciously injure another person and suggested that he would improperly influence public officials to achieve the desired outcome in the client's case. *See Cuyahoga Cty. Bar Assn. v. Wise*, 108 Ohio St.3d 164, 2006-Ohio-550, 842 N.E.2d 35.

{¶ 22} The board also considered several cases between those extremes, in which we imposed conditionally stayed one-year suspensions on attorneys whose misconduct had some similarities to Bruce's. *See, e.g., Medina Cty. Bar Assn. v. Cameron*, 130 Ohio St.3d 299, 2011-Ohio-5200, 958 N.E.2d 138; *Disciplinary Counsel v. Bennett*, 146 Ohio St.3d 237, 2016-Ohio-3045, 54 N.E.3d 1232; *Cincinnati Bar Assn. v. Dearfield*, 130 Ohio St.3d 363, 2011-Ohio-5295, 958 N.E.2d 910. In *Cameron* and *Bennett*, the attorneys communicated directly with a party to a legal dispute without the consent of that party's legal counsel. But those attorneys committed additional acts of misconduct that Bruce did not commit. For example, Cameron also made false representations to the trial court, and Bennett also neglected several clients' legal matters and failed to appear at numerous hearings and status conferences, including his own contempt hearing. And although Dearfield conditioned a client's refund on the withdrawal of a disciplinary

grievance, he also charged a nonrefundable fee without advising the client that he might be entitled to a refund if Dearfield did not complete the representation.

{¶ 23} The board acknowledged that none of the cases it considered involved the same combination of violations present here. Nonetheless, noting the relevant aggravating factors and Bruce's credible testimony, remorse, and acceptance of full responsibility for his misconduct, the board concluded that Bruce's misconduct warranted a sanction toward the middle of the range of sanctions imposed in those cases. Therefore, the board recommends that we suspend Bruce from the practice of law for one year and stay the entire suspension on the condition that he engage in no further misconduct.

{¶ 24} Having reviewed the record and considered the unique combination of ethical violations and aggravating and mitigating factors present in this case in light of our precedent, we accept the board's analysis and agree that a conditionally stayed one-year suspension is the appropriate sanction in this case.

{¶ 25} Accordingly, Matthew Gilbert Bruce is suspended from the practice of law for one year, fully stayed on the condition that he engage in no further misconduct. Costs are taxed to Bruce.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.

Coughlan Law Firm, L.L.C., and Jonathan Edward Coughlan, for respondent.

_____