**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cincinnati Bar Assn. v. Mahin*, **Slip Opinion No. 2020-Ohio-4098.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4098

CINCINNATI BAR ASSOCIATION *v.* MAHIN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cincinnati Bar Assn. v. Mahin*, **Slip Opinion No. 2020-Ohio-4098.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Two-year suspension with second year conditionally stayed.*

(No. 2020-0469—Submitted May 13, 2020—Decided August 19, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-004.

_____

**Per Curiam.**

{¶ 1} Respondent, John Edward Mahin, of Cincinnati, Ohio, Attorney Registration No. 0011253, was admitted to the practice of law in Ohio in 1977. In June 2016, we suspended his license for two years, with the second year stayed on conditions, for misconduct that included converting over $15,000 of law-firm funds for his personal use, a crime for which he had been convicted of a fifth-degree

felony, and fraudulently indorsing a client's name on a settlement check. *Disciplinary Counsel v. Mahin*, 146 Ohio St.3d 312, 2016-Ohio-3336, 55 N.E.3d 1108. Because we granted him credit for the time he had served under his interim felony suspension, Mahin was reinstated to the practice of law in November 2016. At that time, he began serving a two-year period of monitored probation, which was a condition of the stay on the second year of his suspension. 147 Ohio St.3d 1266, 2016-Ohio-7717, 66 N.E.3d 758. His probation period has ended, but Mahin has not yet applied for termination of probation.

{¶ 2} In an August 2019 amended complaint, relator, Cincinnati Bar Association, charged Mahin with violating the Rules of Professional Conduct in two separate client matters. Although Mahin stipulated to two rule violations, he denied most of the charges against him, and the matter proceeded to a hearing before a three-member panel of the Board of Professional Conduct. The panel unanimously dismissed half of the alleged rule violations, found that Mahin had engaged in the remaining charged misconduct, and recommended that he be required to serve another two-year suspension, with one year conditionally stayed. The board issued a report adopting the panel's findings of misconduct and recommended sanction. Neither party has objected to the board's report.

{¶ 3} Based on our review of the record, we agree with the board's misconduct findings and recommended sanction.

## Misconduct

*Taiesha Molden's grievance*

{¶ 4} In May 2017, Taiesha Molden retained Mahin to represent her and her minor daughter in a personal-injury lawsuit. In November 2017, Mahin conveyed a settlement offer to Molden, but they agreed that the offer was too low and that Mahin should start preparing a complaint. Molden thereafter gave Mahin $325 for the filing fee.

{¶ 5} According to Molden, Mahin told her in January 2018 that he had filed the complaint. Mahin, however, denied telling Molden at that time that he had filed the complaint. The hearing panel found Molden's testimony more credible and to support its finding, cited a subsequent e-mail that Molden sent to Mahin inquiring whether he had heard from the opposing side in response to their "filing a suit."

{¶ 6} Mahin did not file Molden's complaint until June 4, 2018. The following day, Molden sent him an e-mail accusing him of lying to her in January about filing the complaint, alleging that he had filed her complaint only after learning that she was seeking new counsel, and terminating him as her counsel. She also requested a refund of her $325. Mahin insisted that he had filed the complaint before Molden terminated him, and the board ultimately found no affirmative evidence proving otherwise.

{¶ 7} Mahin later sent a letter to the defendant's insurer placing a "lien" on Molden's claims to ensure that he received a fee for his work in the case. Molden filed a grievance against Mahin. Mahin thereafter met with Molden's new counsel to discuss the case and the grievance, and after that meeting, Mahin sent the attorney an e-mail proposing a deal in which he would refund Molden's $325 and withdraw his lien in exchange for her withdrawing her grievance. Although Mahin refunded Molden's money and withdrew the lien and Molden attempted to withdraw her grievance, relator continued its investigation.

{¶ 8} The board found that by misrepresenting to Molden that he had filed her complaint—when it had not yet been filed—Mahin violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The board also found that by attempting to obtain dismissal of Molden's grievance in exchange for refunding her money and dropping his attorney-fee claim, he violated Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

**{¶ 9}** We agree with the board's findings of misconduct. "Unless the record weighs heavily against a hearing panel's findings, we defer to the panel's credibility determinations, inasmuch as the panel members saw and heard the witnesses firsthand." *Cuyahoga Cty. Bar Assn. v. Wise*, 108 Ohio St.3d 164, 2006-Ohio-550, 842 N.E.2d 35, ¶ 24. Further, we have previously found that an attorney violates Prof.Cond.R. 8.4(d) by attempting to condition a client's refund on the withdrawal of a disciplinary grievance. *See, e.g.*, *Cincinnati Bar Assn. v. Dearfield*, 130 Ohio St.3d 363, 2011-Ohio-5295, 958 N.E.2d 910, ¶ 6-9.

*Judge Bunning's grievance*

**{¶ 10}** In March 2017, Mahin filed a personal-injury complaint on behalf of two clients in the United States District Court for the Eastern District of Kentucky. Under that court's local rules, an attorney could apply for admission to the bar of that court if he or she had been admitted to practice before the Supreme Court of Kentucky. If the attorney had not been admitted in Kentucky, the attorney could apply to appear in a particular case, provided that the attorney complied with the procedure for obtaining pro hac vice admission.

**{¶ 11}** Mahin was not admitted to practice in Kentucky and failed to request pro hac vice admission when he filed the complaint. And although the federal court required attorneys to use the court's electronic case-filing system when filing pleadings, Mahin filed a paper complaint in person at the federal courthouse.

**{¶ 12}** The clerk thereafter sent Mahin a notice to the address listed on his complaint. The notice indicated that Mahin was not admitted to practice in the Eastern District of Kentucky and provided him with an application for admission and copies of the local rule regarding attorney admissions. Although the clerk requested that Mahin complete the application within 30 days, he failed to do so. The clerk also notified Mahin that his check for filing fees had been returned for insufficient funds.

{¶ 13} In August 2017, United States District Judge David L. Bunning ordered Mahin to file a status report regarding service of the complaint—which Mahin had not yet initiated—and to show cause why the complaint should not be dismissed for his failure to comply with the federal service-of-process rule. After Mahin failed to file a response, Judge Bunning dismissed the complaint without prejudice.

{¶ 14} At his disciplinary hearing, Mahin testified that he had not received the notices and orders from the court and had learned of the complaint's dismissal two months after the judge's order. He also testified that after filing the complaint, he had relocated his office and failed to update his address with the court, failed register for the court's electronic case-filing system, and failed to otherwise check the online docket to determine the status of the case.

{¶ 15} In September 2018, Mahin refiled the complaint, which listed his new office address. Judge Bunning issued an order requiring the plaintiffs to show cause why their case should not be dismissed as untimely under the applicable Kentucky statute of limitations. The court's order, however, was returned as undeliverable because the clerk had sent it to Mahin's prior office address. Judge Bunning then issued an order requiring Mahin to show cause for his failure to apply for pro hac vice admission and provide a valid mailing address. After Mahin failed to respond, the judge held a show-cause hearing—for which Mahin failed to appear—and later dismissed the refiled complaint as untimely. The judge also prohibited Mahin from practicing law in the Eastern District of Kentucky for two years and forwarded the decision to disciplinary counsel.

{¶ 16} According to Mahin, he did not receive the court's notices and orders after he refiled the complaint—although again, he also acknowledged that he had failed to file a change-of-address form as required by the court's local rules, failed to register for the court's electronic case-filing system, and failed to check the

online docket. He also testified that his misconduct was unintentional and that he had had little experience practicing in federal court.

{¶ 17} The board concluded that Mahin's lack of federal-court experience was not an excuse and that by filing and refiling the complaint in federal court without admission to that court or knowledge of the court's procedures and by knowingly disobeying that court's local rules, he violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal), and 5.5 (prohibiting a person from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction).

{¶ 18} We agree with the board's findings of misconduct.

**Sanction**

{¶ 19} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 20} As for aggravating factors, the board found that Mahin has prior disciplinary offenses, had engaged in a pattern of misconduct, and had committed multiple offenses. *See* Gov.Bar R. V(13)(B)(1), (3), and (4). The board found only one mitigating factor—that Mahin had a cooperative attitude toward the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(4).

{¶ 21} After reviewing relevant case law, the board noted that it had found no cases involving all the same rule violations as this case but that it had found several cases with some of the same violations. For example, the board cited *Disciplinary Counsel v. Rohrer*, 124 Ohio St.3d 65, 2009-Ohio-5930, 919 N.E.2d 180, in which an attorney violated Prof.Cond.R. 3.4(c), 8.4(c), and 8.4(d) by deliberately disobeying a court order and then lying to the court and misleading an administrative agency about his actions. Because an actual suspension is generally

6

appropriate for an attorney who engages in a course of dishonest conduct toward a court or a client—and because we found no significant mitigating factors warranting a departure from that principle—we suspended the attorney in *Rohrer* for six months. *Id.* at ¶ 54; *see also Disciplinary Counsel v. Stollings*, 111 Ohio St.3d 155, 2006-Ohio-5345, 855 N.E.2d 479, ¶ 13 ("an actual suspension is particularly appropriate when an attorney's dishonesty has been directed toward a client").

**{¶ 22}** Here, Mahin engaged in an isolated incident of misrepresentation. Although we have "occasionally imposed fully stayed suspensions in cases when an attorney's misconduct involved isolated incidents of dishonesty and the attorney presented significant mitigating evidence," *Disciplinary Counsel v. Adelstein*, ___ Ohio St.3d ___, 2020-Ohio-3000, ___ N.E.3d ___, ¶ 26, the board correctly noted that the sole mitigating factor here does not justify departing from the typical sanction for misleading a client.

**{¶ 23}** The board also reviewed *Toledo Bar Assn. v. Hickman*, 119 Ohio St.3d 102, 2008-Ohio-3837, 892 N.E.2d 437, in which an attorney continued practicing law after we had suspended him, lied to multiple clients, neglected their cases, charged an excessive fee, failed to return unearned fees, and committed other misconduct. Because we had twice disciplined the attorney for similar misconduct, we permanently disbarred him. *Id.* at ¶ 19. The board concluded that the same sanction is not warranted here, and we agree. Although Mahin engaged in some of the same misconduct as that in *Hickman*—such as practicing law in a jurisdiction in violation of the regulation of a profession in that jurisdiction and lying to a client—overall, Mahin's misconduct was much less egregious.

**{¶ 24}** Finally, the board reviewed cases involving attorneys who improperly attempted to "settle" grievances filed against them, noting that many of those cases resulted in fully stayed suspensions despite additional misconduct. *See, e.g.*, *Dearfield*, 130 Ohio St.3d 363, 2011-Ohio-5295, 958 N.E.2d 910;

*Disciplinary Counsel v. Chambers*, 125 Ohio St.3d 414, 2010-Ohio-1809, 928 N.E.2d 1061; *Disciplinary Counsel v. Bruce*, 158 Ohio St.3d 382, 2020-Ohio-85, 143 N.E.3d 501.

{¶ 25} Based on this precedent—and considering that relator failed to prove many of the charges against Mahin and that Mahin ultimately stipulated to the violations of Prof.Cond.R. 3.4(c) and 5.5 and cooperated in the disciplinary process—the board recommends that we suspend Mahin for two years, with one year stayed on the condition that he engage in no further misconduct. We agree with the board's conclusion that the facts here do not fit neatly into our established precedent regarding attorney-discipline sanctions, but we are nonetheless guided by the principle that the "the goal of disciplinary proceedings is not to punish the errant lawyer, but to protect the public," *Toledo Bar Assn. v. Hales*, 120 Ohio St.3d 340, 2008-Ohio-6201, 899 N.E.2d 130, ¶ 21. With that purpose in mind, we adopt the board's recommendation.

**Conclusion**

{¶ 26} John Edward Mahin is hereby suspended from the practice of law in Ohio for two years, with the second year of the suspension stayed on the condition that he refrain from further misconduct. If Mahin fails to comply with the condition of the stay, the stay will be lifted and he will serve the entire two-year suspension. Costs are taxed to Mahin.

Judgment accordingly.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

––––––––––––––––––

Edwin W. Patterson III, Bar Counsel; Taft, Stettinius & Hollister, L.L.P., and Julia B. Meister; and Garvey, Shearer, Nordstrom, P.S.C., and Jennifer K. Nordstrom, for relator.

Montgomery Jonson, L.L.P., George D. Jonson, and Lisa M. Zaring, for respondent.

————————————